B. D. JOHNSON, NORMAN V. JOHNSON, NASH JOHNSON AND WIFE, MARY SUE JOHNSON, MAUDE JOHNSON HODGES AND HUSBAND, GEORGE HODGES, EMMA C. JOHNSON, OPHELIA JOHNSON CARLTON, VIRGINIA JOHNSON SCARBOROUGH, MAYE JOHNSON SORRELL AND HUSBAND, JOHN SORRELL, FLETCHER JOHNSON, CORA JANE JOHNSON BOSTIC AND HUSBAND, RAEFORD BOSTIC, CARSON JOHNSON, DOROTHY JOHNSON, A MINOR REPRESENTED IN THIS ACTION BY HER NEXT FRIEND, C. E. STEPHENS, *Ex Parte*

No. 704SC368

(Filed 5 August 1970)

1. **Partition §§ 3, 9— proceeding for partitioning — sufficiency of clerk's order appointing timber commissioners — appeal to superior court**

   In an appeal to the superior court from an order of the clerk appointing timber commissioners in a partitioning proceeding which had been pending since 1948, the judge of the superior court erred in setting aside the clerk's order, where (1) the clerk had jurisdiction over the parties, lands, and timber encompassed in his order; (2) with the exception of one person, all of the parties through their respective attorneys consented to a judgment dismissing their appeal from the clerk's order; (3) the absence of the person who refused her consent created no new rights in favor of the parties who now seek to set aside the clerk's order; (4) the 1948 petition for partition adequately described the timber to be cut; and (5) any new timber that had grown since 1948 was reasonably within the jurisdiction acquired over the timber by the 1948 petition.

2. **Attorney and Client § 3— authority of attorney**

   Consent by the attorneys of record raises a presumption of authority.

3. **Clerks of Court § 2; Partition § 3— jurisdiction of clerk — presumption of jurisdiction**

   It is presumed that the clerk of court had jurisdiction in a partitioning proceeding, and the burden is on the parties asserting the want of jurisdiction to show it.

---

In re Johnson

---

4. **Judgments § 41— consent judgment — effect on parties**

A consent judgment is as binding upon the parties and has the same force and effect as if it had been entered by the court in regular course.

5. **Judgments § 21— attack on consent judgment**

The proper procedure to attack a consent judgment on the ground that a party thereto did not give his consent to the judgment as entered is by motion in the cause.

6. **Clerks of Court § 2— ex parte proceeding — jurisdiction to enter decree — necessity for written authorization**

The statute requiring that petitioners in an *ex parte* proceeding file written authorization with the clerk before he can make any order or decree prejudicing their rights *is held* to apply only when all persons to be affected present an *ex parte* proceeding to the clerk and the clerk acts summarily. G.S. 1-401.

VAUGHN, J., dissents.

APPEAL by respondents from *Cowper, J.,* 29 September 1969 Civil Session, DUPLIN Superior Court.

The cause now before us is an appeal from an order in superior court which grew out of an appeal to the superior court from an order of the clerk denying a motion in the cause filed on 25 January 1968 by some of the parties to a partitioning proceeding which has been pending since 1948.

On 30 October 1948 and for sometime prior thereto, the heirs of E. M. Johnson were owners as tenants in common of numerous tracts of land in Duplin and Pender Counties, including the lands described in the ex parte petition for partition filed on 20 October 1948 in Duplin County. The matter was titled S.P. 2282.

Commissioners were appointed to partition the lands. Their report was filed on 28 September 1950 and confirmed 11 November 1950. As was requested in the petition, the commissioners' report provided that timber which "will measure ten (10) inches or more in diameter measured across the stump twelve (12) inches above the ground" was to be cut and sold in accordance with a power of attorney vested in Nash Johnson and B. D. Johnson, two of the petitioners. The report prescribes the manner in which the proceeds shall be distributed among the tenants in common and in which parties the land and remaining timber will vest.

On 13 November 1950, two days after the commissioners' report was confirmed, B. D. Johnson died intestate. Nash Johnson was given a new power of attorney and proceeded to sell the timber on the five tracts allotted to himself and B. D. Johnson.

B. D. Johnson's heirs were his brothers and sisters, who are parties named in the original petition. In June 1954 Norman V. Johnson, a petitioner in the original petition, died intestate and subsequent thereto a special proceeding was filed to effect partition of the interests of his heirs. Thereafter, the power of attorney to Nash Johnson was revoked by certain parties to the proceeding. In 1960 petitioner Maude Johnson Hodges died. Seven other special proceedings were filed to effect a division of rights, either between some of the remaining parties and other parties, or *inter se*. No timber was sold after 31 December 1952 although some of the parties had conveyed their undivided interest in the land and timber.

On 7 February 1964 a motion was filed by attorneys for certain named movants who were all of the interested parties at that time with the exception of Virginia Johnson Scarborough. The motion set out the series of events which had transpired with respect to the lands and timber involved in the proceeding and prayed that "the Court enter such orders as may be proper and appropriate for carrying out the judgment heretofore entered in this proceeding." Paragraph 14 of the motion states the following:

"Movants are unable to determine their respective rights under the Report of Commissioners and Judgment heretofore rendered in this proceeding, as to what timber should now be cut and from what tracts, and as to the manner in which the proceeds of the sale of such timber should be distributed, and as to by whom and in what manner the timber should be sold, and desire the advice and instruction of the court as to these matters."

On 7 February 1964 an order was issued finding Virginia Johnson Scarborough to be a necessary party and setting a hearing for 28 February 1964. The order was served upon her on 12 February 1964. She made no appearance.

On 22 April 1964, following a hearing, the clerk entered an order appointing commissioners who were to sell timber growing on those lands which had not been cut over. The order further provided that the appraisal value of certain timber on specified

lands allotted to B. D. Johnson and Nash Johnson shall be added to the net proceeds received from the sale, that the sum so arrived at shall be the fund available for distribution, and that the appraisal value shall be set off in determining Nash Johnson's distributive share.

Exceptions and appeals were entered as follows: "To each of the foregoing Findings of Fact and the Conclusions of Law, and to the signing and entry of the foregoing Order, the movants hereby except and appeal." Virginia Johnson Scarborough did not appeal from the order of the clerk. On 5 August 1964 and before the cause came on to be heard in superior court, a document entitled "Agreement for Division" was prepared. Its first paragraph states the following:

> "WHEREAS, the parties to Special Proceedings Numbers 3437, 3472, 3740, 3743, 3738, 3384, 3362 and 2282, as filed in the Superior Court of Duplin County (except Virginia Johnson Scarborough), are anxious to effectuate a just and equitable division of lands described in such proceedings; and WHEREAS, said parties and their attorneys of record (except Virginia Johnson Scarborough) realize and appreciate the problems presented by the pleadings as filed, and are now desirous of resolving their minor differences and effectually dividing said property; and to this end they have agreed and do now agree as follows: * * *."

The agreement provides for a distribution of the lands involved in all proceedings except S.P. #2282, and regarding S.P. #2282 provides that "* * * appeals shall be withdrawn by proper order and the case remanded to the Clerk of Superior Court of Duplin County for such supplementary orders as may be necessary to effectuate the sales and division thereby contemplated."

The agreement further provides that Nash Johnson shall have a right of election to take either the Newkirk tract in S.P. #3740 or the Norman Johnson tract in S.P. #3384. The agreement ends with the following language:

> "IN WITNESS WHEREOF, the parties hereto, except Virginia Johnson Scarborough, individually and their counsel stipulate and agree to the entering of such orders, judgments and decrees and covenants and agree that they will make and execute, or cause to be made and executed, such instrument

or instruments as are deemed proper to effectuate a division of the property as herein expressed.

This the 5th day of August, 1964.

> /s/ Winifred T. Wells
>
> Winifred T. Wells, Attorney for Cora Jane Johnson Bostic and husband, Raeford Bostic; Dorothy Johnson Lane and husband, Lester Lane; Fletcher Johnson; Carson Johnson; J. W. Blanchard and wife, Docie R. Blanchard; Mae Johnson Sorrell
>
> /s/ Carl V. Venters
>
> Carl V. Venters, Attorney for F. F. Hodges and wife, Maude E. Hodges; W. Victor Venters and wife, Katherine Cole Venters; George J. Hodges and wife, Blonzie Hodges
>
> /s/ H. E. Phillips
>
> H. E. Phillips
>
> AND
>
> /s/ James R. Nance
>
> James R. Nance
>
> Attorneys for Nash Johnson and wife, Mary Sue Johnson; Ophelia Johnson Carlton; Bizzell D. Johnson and wife, Crystal C. Johnson; Sylvia Joy Johnson Davis and husband, Earl Davis; Marvin Johnson and wife, Grace P. Johnson; W. Bruce Carlton and wife, Dixie K. Carlton; Mary Carlton Blackburn and husband, Woodrow Blackburn; Katherine Carlton Price and husband, Walter Price"

On 10 August 1964 notice of Nash Johnson's election to accept the Newkirk tract as provided in the agreement of 5 August 1964 was filed with the clerk. The signature of H. E. Phillips appears over the words "Nash Johnson, by his Attorney, H. E. Phillips."

On 7 October 1964 Judge Henry L. Stevens, Jr., entered an order dismissing the appeals noting that "* * * the attorneys for the movants in the above entitled cause now move the Court that the appeal from the order and conclusions of law and findings of fact in this cause be dismissed and that this matter be remanded to the Clerk * * *." The document includes the following:

"WE CONSENT
/s/ H. E. Phillips
H. E. Phillips, Attorney for the Petitioners

WELLS AND BLOSSOM
By: /s/ Winifred T. Wells
Attorneys for the Respondents

VENTERS AND DOTSON
By: /s/ Carl V. Venters

Attorneys for the Respondents, George J. Hodges, Individually and Administrator, and wife, Blonzie Hodges, F. F. Hodges and wife, Mrs. F. F. Hodges, W. Victor Venters and wife, Katherine Cole Venters"

No question was raised with respect to the 7 October 1964 order or the agreement until 25 January 1968 when William T. Simpson, attorney for Nash Johnson and his present co-movants, filed a motion in the cause requesting (1) a temporary restraining order prohibiting the commissioners appointed by the 22 April 1964 order from taking any action and (2) an order directing all parties in interest to appear and show cause "why the order dated 22 April 1964 should not be rescinded and dissolved." Virginia Johnson Scarborough was listed as a movant in the 25 January 1968 motion but she withdrew from the motion by way of a letter to Simpson dated 31 January 1968, a subsequent one dated 2 April 1968, and a letter to the clerk dated 2 April 1968.

The movants' allegations upon which they predicated their prayer for relief may be summarized as follows:

(1) That Virginia Johnson Scarborough did not join in the motion filed 7 February 1964, that at the date of said motion some of the parties had adverse or conflicting interests, and that the motion was signed by various attorneys for whom no written authorization had been filed with the clerk. (It is noted at this point that the movants have nowhere alleged that the attorneys did not represent them; neither have they alleged that the attorneys did not have authority to execute the various documents and other pleadings in question.)

(2) That the 22 April 1964 order is contrary to the interests of the movants.

(3) That the 22 April 1964 order is void "for that the

order is in conflict with and unsupported by the findings of fact as set forth in said order," that the conclusions of law in the order are in error because all parties were not before the court and that the timber was not a part of the original ex parte proceeding.

(4) That the 22 April 1964 order is void because it relates to timber over which the court had no jurisdiction.

When the motion filed 25 January 1968 was heard by the clerk, he entered an order vacating his earlier cease and desist order and denying the motion. The movants appealed and the matter came on for hearing in superior court. At this hearing the movants did not offer any evidence other than the record.

On 14 December 1969 Judge Cowper entered an order denying "the motion filed 7 February 1964" and setting aside and declaring null and void the order signed by the clerk on 22 April 1964. Appellants objected and excepted to the entry of said order of Judge Cowper and gave notice of appeal to the Court of Appeals.

*Wheatly & Mason and W. F. Simpson for petitioner appellees, Bruce Carlton, Executor of Ophelia J. Carlton, Bruce Carlton, individually, Nash Johnson, Mary Sue Johnson, William T. Blanchard, and Margaret E. Cooper.*

*Wells, Blossom & Burrows, Venters & Dotson, and W. A. Johnson for respondent appellants, W. Victor Venters and wife, Katherine C. Venters, Mae J. Sorrell, Cora Jane J. Bostic and husband, Raeford Bostic, Carson Johnson, Fletcher Johnson, and Dorothy J. Lane and husband, Lester Lane.*

BRITT, J.

This case deals with a complex matter which has dragged on for 22 years. The record and exhibits total some 538 pages. Much of the factual material and many of the contentions placed before the court are extraneous to the issues which we now perceive to be dispositive.

[1, 2]   In our view, several salient points both chart the course of this appeal and determine the outcome: (1) The clerk had jurisdiction over the parties, lands and timber encompassed in his order of 22 April 1964. (2) All parties except Virginia Johnson Scarborough consented to a judgment dismissing the appeal

from that order of the clerk. (3) Consent by the attorneys of record raises a presumption of authority; in fact the further answer to the motion filed on 25 January 1968 alleges that Attorney H. E. Phillips represented Nash Johnson and those united in interest with him at the hearing on the 7 February 1964 motion and Nash Johnson and those united in interest with him admitted this in their reply to said further answer.

[3] The pleading which serves as a basis for entry of the 22 April 1964 order is the original ex parte petition for partition filed in 1948. It provides adequate descriptions of the lands involved and states that the timber is to be sold and the proceeds distributed in accordance with the respective interests as determined in the proceeding. The lands are described in the petition by references to books and pages in the county registries; the descriptions in the order of 22 April 1964 are by metes and bounds. The movants now argue that certain lands before the clerk in 1964 were not involved in the 1948 petition, but we are unable to determine this from the record. As jurisdiction is presumed, *Jackson v. Bobbitt,* 253 N.C. 670, 117 S.E. 2d 806, the burden was on the movants to establish this assertion as a matter of fact. The record on its face does not reveal a want of jurisdiction and the movants have offered no other evidence.

Regarding the timber, the 22 April 1964 order merely attempted to effectuate the order of 1950 and the desires of the parties as stated in the 20 October 1948 petition and the 7 February 1964 motion. To whatever extent any new grown timber was encompassed in the 1964 order, it was not a new *res* but was reasonably within the jurisdiction acquired over timber by the 1948 petition which included all timber "ten (10) inches or more in diameter measured across the stump twelve (12) inches above the ground at the time of cutting" without setting a time for cutting.

[4] Although the division agreement and the consent judgment dismissing the appeal are void as to Virginia Johnson Scarborough because she was not a party, her absence creates no rights in favor of the movants herein. As to the movants, a consent judgment "is as binding and has the same force and effect as if it had been entered by the court in regular course." *Edmundson v. Edmundson,* 222 N.C. 181, 22 S.E. 2d 576. In *Overton v. Overton,* 259 N.C. 31, 129 S.E. 2d 593, the court said that such a judgment "depends for its validity upon the consent

In re Johnson

of the parties" and in *Gardiner v. May,* 172 N.C. 192, 89 S.E. 955, the court stated that "* * * [w]here parties solemnly consent that a certain judgment shall be entered on the record, it cannot be changed or altered, or set aside, without the consent of the parties to it, unless it appears, upon proper allegation and proof and a finding of the court, that it was obtained by fraud or mutual mistake, or that consent was not in fact given * * *."

[5]   In *Overton* the court pointed out that the proper procedure to attack a consent judgment on the ground that a party thereto did not give his consent to the judgment as entered is by motion in the cause. In *Howard v. Boyce,* 254 N.C. 255, 118 S.E. 2d 897, the court stated that "* * * a judgment bearing the consent of a party's attorney of record *is not void on its face.* Indeed, it is presumed to be valid; and the burden of proof is on the party who challenges its invalidity." (Emphasis added.)

[6]   The movants have asserted strenuously that G.S. 1-401 requires that "written authorization must be filed with the clerk before he may make any order or decree to prejudice their rights," and that the motion of 7 February 1964 is therefore void for want of authorization. The statute, however, clearly applies *only* when all persons to be affected present an ex parte proceeding to the clerk and he acts summarily; the statute provides that in that event all parties must sign the petition, or must sign and file with the clerk (1) a written application to be made petitioners or (2) a written authorization to the attorney, before the clerk may make any order or decree prejudicing their rights. We think this proceeding was *presented* by the original petition in 1948. Generally, the rule is that the attorneys must have proper authority, but under *Howard v. Boyce, supra,* that authority is presumed when the attorneys are of record and the document is valid on its face.

For the reasons stated, we hold that Judge Cowper erred in the entry of the order appealed from; the order is vacated and this cause is remanded to the Superior Court of Duplin County for further proceedings consistent with this opinion.

Error and Remanded.

CAMPBELL, J., concurs.

VAUGHN, J., dissents.