Robinson v. McAdams

BLONDELL ROBINSON, Administratrix of the Estate of Richard Carl Robinson v. CHARLIE McADAMS, JIMMY McADAMS, and BARBARA GOODE BLUE, Administratrix of the Estate of Richard Blue, Jr.

No. 7128SC264

(Filed 28 April 1971)

1. Appeal and Error § 18— improper filing of briefs — taxing of costs to appellants

As to defendants who had previously been dismissed from the lawsuit, it was improper for appellants to have caused the defendants to file a brief on the appeal; accordingly, the cost of printing the defendants' brief will be taxed to the appellants.

2. Judgments § 21— setting aside consent judgment — lack of court's authority

Trial court erred in setting aside, during a two-week session of court, a consent judgment that was entered into by the plaintiff and the defendant during the session, the court having no authority to set it aside (1) on plaintiff's motion, (2) on the court's motion *ex mero motu,* or (3) in the court's discretion in the interest of justice.

3. Judgments § 21— attack on consent judgment — motion in the cause

The proper procedure to attack a consent judgment on the ground of want of consent at the time it was entered is by motion in the cause.

4. Judgments § 21— attack on consent judgment — fraud — mutual mistake

The procedure to set aside a consent judgment for fraud or mutual mistake is by independent action.

5. Judgments § 21— setting aside consent judgment — grounds of fraud

The setting aside of a consent judgment for fraud committed *suppressio veri* or *suggestio falsi* must be accomplished in an independent action instituted for that purpose.

6. Judgments §§ 6, 21 — setting aside judgment in fieri — consent judgment

A consent judgment is an exception to the rule that the trial judge may set aside a judgment *in fieri* on his own motion or at the suggestion of counsel.

APPEAL by defendants from *Martin (Harry C.), Judge of Superior Court,* 16 November 1970 Session, BUNCOMBE Superior Court.

This action was instituted to recover damages for the alleged wrongful death of Richard Carl Robinson (Robinson).

It is alleged by plaintiff that Robinson was a passenger in an automobile being operated by Richard Blue, Jr. (Blue) on Southside Avenue in the City of Asheville, on 24 December 1967. It is alleged that the automobile being operated by Blue collided with an automobile being operated by Jimmy McAdams, and owned by Charlie McAdams. Plaintiff alleged negligence on the part of the operators of both automobiles.

Because of a prior action pending, this action was dismissed as to Jimmy McAdams and Charlie McAdams on 25 July 1969.

Following considerable negotiations looking toward a settlement of the controversy, a consent judgment was entered into between the Administratrix of Robinson and the Administratrix of Blue. This judgment was signed on 23 November 1970 by Honorable Harry C. Martin, Judge Presiding over the 16 November 1970 two-week Civil Session. The consent to the judgment was signed by counsel for both parties.

On 25 November 1970 counsel for plaintiff filed a motion to set aside the consent judgment entered on 23 November 1970. The motion reads as follows:

"Now comes the plaintiff, Blondell Robinson, Administratrix of the Estate of Richard Carl Robinson, by and through her attorneys, Landon Roberts and Hendon & Carson, and respectfully moves the Court that the consent judgment heretofore entered in this cause on Monday, November 23, 1970, be set aside in the discretion of the Court, and as grounds therefor the plaintiff respectfully shows to the Court:

"1. That all negotiations for settlement of this case were predicated upon the belief of the plaintiff's attorneys that there was a primary policy of 5-10-5 limits of the St. Paul and a 5-10-5 policy of State Farm being in excess.

"2. That upon the offer of Harry DuMont of $3,500.00 on behalf of St. Paul, which with the other offers heretofore accepted totaled the sum of $10,000.00, and the contention by Mr. DuMont that State Farm had coverage defenses and the suggestion of the Trial Judge that judgment in the amount of $8,500.00 be entered, settlement was agreed upon and reduced to writing.

"3. Prior to the signing of the judgment the representation of coverage defenses by State Farm was repudiated by Mr. DuMont and he stated that no representation of St. Paul's limits of liability of the St. Paul had been positively made, and that they were in excess of $10,000.00.

"4. Notwithstanding such disclosures, plaintiff's attorneys having theretofore released their witnesses and another case having been called, and having committed their client, consented to the judgment as drawn, which upon reflection while the Court is still in session they feel is improper to their client, the defendant, to the insurance industry, to the attorneys involved and to the proper administration of justice.

"5. That for the judgment as signed to stand would be conducive of further litigation rather than the termination of litigation.

"WHEREFORE, the plaintiff prays that the consent judgment heretofore entered be set aside and this case set for trial at this Session or the next ensuing Session."

Hearing upon the motion was conducted by Judge Martin on 27 November 1970. No evidence was offered on the hearing; the only thing heard by Judge Martin was considerable statement of counsel. At the conclusion of the statements and arguments of counsel, Judge Martin entered the following Order:

"THIS CAUSE coming on before the undersigned Judge assigned to the Superior Court of the 28th Judicial District on the motion of the plaintiff to set aside the consent judgment entered in this case on November 23, 1970, and after considering the record proper and hearing the arguments of counsel for the plaintiff, Landon Roberts and Philip Carson, and hearing the argument of counsel for the defendant, Harry DuMont, and hearing the statement of O. E. Starnes, counsel for State Farm Insurance Company, the alleged excess carrier on the automobile belonging to Redfern, being the automobile in which it is alleged that plaintiff's intestate was riding as a passenger at the time of the alleged incident;

"And the Court also considering on its own motion the question of setting aside the judgment, said judgment

having been entered by this Court during this session of Court;

"IT IS, THEREFORE, HEREBY ORDERED, in the discretion of the Court and in the interest of justice, that the judgment heretofore entered in this case on November 23, 1970, be, and the same is hereby vacated, set aside, and declared null and void.

"Upon the examination of the record proper, the court finds that there has heretofore been filed in this case a motion to dismiss pursuant to Rule 12 and a motion to amend, both motions being filed by the defendant. The Court does not at this time pass on the motion to dismiss. The motion to amend is, in the discretion of the Court, allowed.

"This order setting aside said judgment is entered both by allowing plaintiff's motion and also as based upon the Court's actions ex mero motu in its discretion and in the interests of justice to set aside said judgment during term time.

"This, the 27th day of November, 1970."

From the entry of the order setting aside the consent judgment the defendant, Administratrix of Blue, appealed.

*Landon Roberts, George Ward Hendon, and Philip G. Carson, by Landon Roberts, for plaintiff.*

*Uzzell & DuMont, by Harry DuMont, for defendant, Administratrix of Blue.*

*Williams, Morris & Golding, by James N. Golding, for defendants Charlie McAdams and Jimmy McAdams.*

BROCK, Judge.

[1] Defendants Charlie McAdams and Jimmy McAdams have filed a motion in this Court to dismiss this appeal as to them. They have been out of this case since it was dismissed as to them on 25 July 1969. This appeal should never have indicated that they are still parties defendant. The appellant was wrong in causing the McAdams defendants to have to file a brief in this appeal, and the cost of printing the brief of Charlie and Jimmy McAdams will be taxed against the appellant, Admin-

istratrix of Blue. The motion of Charlie McAdams and Jimmy McAdams to dismiss this appeal as to them is allowed.

[2] It seems quite clear from reading Judge Martin's Order setting aside the consent judgment that he did so upon three grounds: (1) by allowing plaintiff's motion to set it aside; (2) by acting *ex mero motu* in his discretion during the two-week session when a judgment would ordinarily be *in fieri;* and (3) in his discretion in the interest of justice. It is also quite clear that Judge Martin made no findings of fact to support setting aside the judgment upon any of the three grounds stated. There was absolutely no evidence offered from which the judge could make findings of fact, and if there was evidence within his personal knowledge he failed to state what that evidence was.

It is interesting to note that in plaintiff's motion it is stated that prior to signing the consent judgment a full disclosure of the insurance coverage was made, but plaintiff's attorneys nevertheless executed the judgment as drawn, but "which upon reflection while the Court is still in session they feel is improper . . ." Clearly the motion does not allege fraud, mutual mistake, or that consent was not in fact given. Obviously plaintiff's counsel, and the able judge, felt that something had gone awry, but the appellate courts can only make determinations on what appears in the record on appeal.

[3, 4] "A judgment entered upon solemn consent of the parties cannot be changed or altered without the consent of the parties to it, or set aside except upon proper allegation and proof, and a finding of the court that it was obtained by fraud or mutual mistake, or that consent was not in fact given, the burden being on the party attacking the judgment." 5 Strong, N. C. Index 2d, Judgments, § 21, p. 41. The proper procedure to attack a consent judgment on the ground of want of consent at the time it was entered is by motion in the cause. The procedure to set aside a consent judgment for fraud or mutual mistake is by independent action. 5 Strong, N. C. Index 2d, Judgments, § 21, p. 42.

[5] There is no evidence or finding by Judge Martin that consent was not in fact given by plaintiff, and such theory is not urged upon us on this appeal. Plaintiff argues on appeal that the consent judgment was obtained by fraud committed *sup-*

*pressio veri.* If plaintiff is entitled to have the consent judgment set aside on the grounds of fraud committed *suppressio veri* or committed *suggestio falsi,* it will have to be accomplished in an independent action instituted for that purpose. *Becker v. Becker,* 262 N.C. 685, 138 S.E. 2d 507.

[6]　Plaintiff also argues that the consent judgment was *in fieri* during the two-week session and that Judge Martin had the authority, for that reason, to set it aside in his discretion. A consent judgment is an exception to the rule that all judgments are *in fieri* during the session and that it is in the breast of the judge to abrogate on his own motion or at the suggestion of counsel. *Deaver v. Jones,* 114 N.C. 649, 19 S.E. 637.

So much of the Order entered by Judge Martin on 27 November 1970 as sets aside the consent judgment entered on 23 November 1970 is

Reversed.

Judges MORRIS and HEDRICK concur.