---
Haddock v. Waters
---

---

VIRGINIA HADDOCK AND CATHERINE LEE v. HERMAN L. WATERS AND WIFE, EVELYN WATERS

No. 733SC429

(Filed 25 July 1973)

Judgments § 8— judgment based on tender by defendant — valid as consent judgment

  Where defendant's counsel tendered judgment on behalf of male defendant in open court with all parties to the action present, the court and the attorneys of both parties discussed the feasibility of the tender, the court stated that its judgment would be based on the tender and directed that such judgment be prepared, and the judgment was prepared and entered, the judgment based on the tender was valid as a consent judgment absent a showing that defendant's attorney of record at the trial was without authority to make the tender.

APPEAL by defendants from *Tillery, Judge,* 29 January 1973 Session of CRAVEN Superior Court.

Plaintiffs brought this suit to have a deed adjudged invalid and to recover damages for the alleged wrongful appropriation of proceeds from timber cut and removed from the land in question.

In a complaint filed 15 March 1972, plaintiffs alleged in pertinent part: For many years prior to October 1949, one Hollie S. Waters (Miss Waters) owned the 75-acre tract of land in question. On 17 October 1947 defendants, knowing that Miss Waters was mentally and physically ill and incapable of signing her name to an instrument, forged or caused her signature to be affixed to a paper writing purporting to be a deed to defendants for the land in question. Miss Waters died intestate in October 1949 and defendants recorded their purported deed on 17 December 1970. Plaintiffs and others as heirs-at-law of Miss Waters own the land as tenants in common. Defendants have gone on the land, wrongfully cut timber, and appropriated the proceeds to their own use.

Defendants filed answer denying all material allegations of the complaint; they also pleaded a counterclaim alleging that plaintiffs had wrongfully interfered with defendants' right to sell the property in question and asked for actual and punitive damages.

During the course of the trial, heard before the judge without a jury, defendants' attorney announced that defendant Herman Waters "would tender to the plaintiffs a judgment directing the signing, sealing and delivery of a deed to the two named plaintiffs—a quit-claim deed to the two named plaintiffs, for a 1/24th undivided interest each, or a 1/12th undivided interest together, in the land described in the complaint."

Thereafter, in open court, following discussion between the judge and attorneys with respect to the heirs-at-law of Miss Waters, the judge announced that judgment based upon the tender would be entered and directed that judgment embracing the tender be prepared. The following judgment was prepared and entered:

> "This cause coming on to be heard before the Honor-
> able Bradford Tillery, Judge Presiding at the January 29,
> 1973 Term of Superior Court of Craven County, and all

parties being present in Court and being represented by counsel, and the Court finding as a fact that the plaintiff and the defendant are properly before the Court and that the Court has jurisdiction and after hearing the matters and things presented by the plaintiff and defendant it is the judgment of the Court that the defendant, Herman Waters, prepare, execute and deliver to the plaintiffs, and each of them, a quitclaim deed conveying the property which is the subject of this action to the extent of a one-twenty-fourth (1/24) undivided interest to each of them and that the unpaid costs be taxed to the defendant."

Following the entry of the judgment, defendants employed other counsel and appealed.

*David S. Henderson and Benjamin H. Baxter, Jr., for plaintiff appellees.*

*LeRoy Scott and Sam O. Worthington for defendant apellants.*

BRITT, Judge.

In their sole assignment of error, defendants contend the judgment appealed from is invalid for the reason that the court did not make findings of fact as required by G.S. 1A-1, Rule 52. Plaintiffs contend that the judgment was based upon the consent of the parties, therefore, Rule 52 is not applicable.

The record discloses that defense counsel's tender of judgment on behalf of the male defendant was made in open court with all parties to the action present. After discussing the feasibility of the tender with the attorneys representing plaintiffs and defendants, the court stated that its judgment would be based on the tender.

While better practice dictates that parties and their attorneys sign a consent judgment, signatures of parties or their attorneys are not necessary if consent is made to appear. *Stanley v. Cox,* 253 N.C. 620, 117 S.E. 2d 826 (1961). In *Gardiner v. May,* 172 N.C. 192, 196, 89 S.E. 955 (1916), the court said: "A judgment entered of record, whether *in invitum* or by consent, is presumed to be regular, and an attorney who consented to it is presumed to have acted in good faith and to have had the necessary authority from his client and not to have betrayed his confidence or to have sacrificed his right." The authority of

a party's attorney is presumed when he professes to represent the party and the fact that the attorney of record fails to sign the judgment does not affect its validity. *In re Johnson,* 9 N.C. App. 102, 176 S.E. 2d 31 (1970), aff'd, 277 N.C. 688, 178 S.E. 2d 470 (1971). 5 Strong's N. C. Index 2d, Judgments, § 8, p. 20. Nevertheless, a party may rebut the presumption by showing want of authority. *In re Johnson, supra.*

Absent a showing that defendants' attorney of record at the trial was without authority to make the tender of judgment, we hold that the judgment based on the tender is valid as a consent judgment. However, we point out that the tender was made solely on behalf of the male defendant and the judgment applies only to him. The judgment in no way binds the feme defendant.

For the reasons stated, the judgment is

Affirmed.

Judges MORRIS and PARKER concur.