ESPIE BLANKENSHIP AND MELO BLANKENSHIP v. PLEZZ PRICE AND WIFE, MRS. PLEZZ PRICE

No. 7522SC280

(Filed 3 September 1975)

1. **Judgments § 21— consent judgment — grounds for setting aside**

    A consent judgment, being a contract, cannot be changed without the consent of the parties or set aside except upon proper allegation and proof that consent was not in fact given or that it was obtained by fraud or mutual mistake, the burden being upon the party attacking the judgment.

2. **Cancellation and Rescission of Instruments § 4— unilateral mistake**

    In general, a unilateral mistake in the making of an agreement, of which the other party is ignorant and to which he in no way contributes, will not afford grounds for avoidance of the agreement.

3. **Judgments § 21; Boundaries § 15— consent judgment fixing boundary — motion to vacate**

    In an action to vacate a consent judgment locating a boundary line as shown on a map prepared by a court-appointed surveyor on the ground that plaintiffs' mistaken belief as to what was represented on the map was induced either by the surveyor's mistake or his intentional fraud in failing to portray on the map their contentions as expressed orally to him at the time of the survey, the evidence supported the court's findings that the surveyor had surveyed the contentions of the plaintiffs and that he did not intentionally defraud plaintiffs where plaintiffs alleged the dividing line was a straight line and the evidence showed the surveyor's line was a straight line between points contended for by plaintiffs.

APPEAL by plaintiffs from *Walker, Judge.* Order entered 22 January 1975 in Superior Court, IREDELL County (case transferred by consent from Alexander County). Heard in the Court of Appeals 10 June 1975.

Action for trespass on real property and to establish the true boundary line between plaintiffs' land and contiguous land of the defendants. On plaintiffs' motion the court appointed a surveyor to survey the contentions of the parties and to prepare a map thereof for the court. This was done, and thereafter all parties and their attorneys signed a consent judgment dated 29 July 1974 in which the court adjudged "by consent that the following is the true boundary line between the plaintiffs and defendants:

"(a) beginning at a marked poplar being point A as shown on the court map filed in the record said map being prepared by R. B. Kesler, Jr. June 17, 1974, and runs thence North 85° 13' 58" west to a point in the East line of the Clyde Bolick property, said point being witnessed by an iron stake in a pine stump, said Bolick property being described in a deed recorded in Deed Book 82, page 31 in the office of the Registered [sic] Deeds of Alexander County."

The consent judgment also directed R. B. Kesler, Jr., the surveyor, to mark the dividing line with yellow paint.

On 7 October 1974 plaintiffs filed a motion pursuant to G.S. 1A-1, Rule 60, to vacate the consent judgment dated 29 July 1974. As grounds for this motion, plaintiffs alleged that after the surveyor painted the boundary line as established in the consent judgment they for the first time realized that the surveyor "did not survey and plat on the Court map the plaintiffs' contentions which the plaintiffs had shown to Robert Kesler on the ground"; that had they been aware of this, they would not have signed the consent judgment; and that the surveyor "either intentionally and with intent to defraud the plaintiffs, or mistakenly failed to survey and plat the actual contentions of the plaintiffs as to the location of the true boundary line."

By agreement of counsel and for the purpose of disposing of the motion, the case was transferred from Alexander County, where the lands of the parties are located and where the action had been instituted, to Iredell County, where a hearing on plaintiffs' motion was held before the judge presiding at the 20

January 1975 Civil Session of Superior Court. After hearing evidence, the judge entered an order dated 22 January 1975 denying the motion, finding that the surveyor had considered and surveyed the contentions of the parties and that he "did not intentionally or otherwise defraud the plaintiffs." From this order denying their motion to vacate the consent judgment, plaintiffs appealed.

*John S. Willardson and Joe O. Brewer for plaintiff appellants.*

*No counsel contra.*

PARKER, Judge.

[1] A consent judgment is the contract of the parties entered upon the records of a court of competent jurisdiction with its sanction and approval. *King v. King*, 225 N.C. 639, 35 S.E. 2d 893 (1945). Being a contract, it cannot be changed without the consent of the parties or set aside except upon proper allegation and proof that consent was not in fact given or that it was obtained by fraud or mutual mistake, the burden being upon the party attacking the judgment. 5 Strong, N. C. Index 2d, Judgments, § 21, pp. 41, 42. Here, no question is raised that plaintiffs' consent was not in fact given when they signed the consent judgment nor do plaintiffs contend that they signed the judgment either because of any fraud practiced by defendants or because of any mutual mistake of the parties. Rather, plaintiffs' sole contention is that they signed the consent judgment as result of a unilateral mistake on their part as to what was represented on the map prepared by the court-appointed surveyor and that their mistake was induced either by the surveyor's mistake or by his intentional fraud in failing to portray accurately upon the map their contentions as to the correct location of the boundary line as they had expressed these contentions to him orally at the time he was on the ground making his survey. Plaintiffs do not contend that the surveyor was the agent of the defendants or that defendants were otherwise responsible for the surveyor's actions.

[2] In general, a unilateral mistake in the making of an agreement, of which the other party is ignorant and to which he in no way contributes, will not afford grounds for avoidance of the agreement. 17 Am. Jur. 2d, Contracts, § 146. However, we need not now decide whether plaintiffs have asserted grounds

sufficient to entitle them to be relieved from their contract embodied in the consent judgment in the present case, since in any event we find the trial court's essential findings of fact in the order appealed from to be supported by competent evidence, and plaintiffs have failed to carry their burden of proving even their asserted grounds for relief.

[3] The surveyor was appointed by the court "to survey the contentions of the plaintiffs and the contentions of the defendants in this cause." Plaintiffs' contentions were initially contained in their verified complaint. In the description of their property as contained in their complaint, the southern boundary line of plaintiffs' tract, which is the line which divides their property from that of defendants' which lies to the south thereof, is described as running from a certain poplar "West 180 poles to a dead pine." At the hearing on plaintiffs' motion to set aside the consent judgment, the surveyor testified that the plaintiffs were present while he was on the ground and that they pointed out to him a marked poplar tree which he designated on the map as point A. It is apparent from the record that both plaintiffs and defendants agreed that this marked poplar, designated as point A on the map, correctly marked the eastern terminus of the dividing line between their respective tracts. The surveyor also testified that the plaintiffs pointed out to him on the ground an iron stake in a pine stump, which he designated on the map as point D, as being a corner of their property. The surveyor showed point D on the map as the western terminus of the dividing line. He then showed the dividing line as a straight line running from point A, the marked poplar, to point D, the iron in the pine stump, for a distance of 2948.54 feet. Plaintiffs having alleged in their verified complaint that the dividing line was a straight line and the surveyor having shown the termini at points contended for by plaintiffs, there was ample support for the court's findings that the surveyor "has surveyed the contentions of the plaintiffs" and that he "did not intentionally or otherwise defraud the plaintiffs." That certain trees and other objects which plaintiffs contended orally to the surveyor were on their side of the line were ultimately found to be on defendants' side does not compel a finding that he failed to survey their "contentions." The evidence presented at the hearing on plaintiffs' motion, when considered in the light of the facts alleged in plaintiffs' verified complaint, supports the court's findings and its order denying the motion.

In passing, we note that our Supreme Court has consistently held in cases decided prior to the effective date of our new Rules of Civil Procedure that the proper procedure to attack a consent judgment on the ground of want of consent at the time it was entered is by motion in the cause, *Overton v. Overton,* 259 N.C. 31, 129 S.E. 2d 593 (1963) ; *Ledford v. Ledford,* 229 N.C. 373, 49 S.E. 2d 794 (1948) ; *King v. King,* 225 N.C. 639, 35 S.E. 2d 893 (1945), but that the proper procedure to set aside a consent judgment for fraud or mutual mistake is by independent action. *Becker v. Becker,* 262 N.C. 685, 138 S.E. 2d 507 (1964) ; *King v. King, supra; Keen v. Parker,* 217 N.C. 378, 8 S.E. 2d 209 (1940) ; *see, Robinson v. McAdams,* 11 N.C. App. 105, 180 S.E. 2d 399 (1971). The difference in procedure is more than one merely of form, since in an independent action either party by making timely application would be entitled to a jury trial, while a hearing on a motion is before the judge. For this reason we question whether Rule 60 of the Rules of Civil Procedure effects a change in our former practice to the extent of authorizing an attack upon a consent judgment on the grounds of mutual mistake or fraud of the adverse party to be made by motion rather than by independent action. That question we do not decide in the present case, since the attack upon the judgment here was not made on the grounds of mutual mistake or of fraud of the adverse party, but on the grounds of a mistake or fraud of the surveyor appointed by the court itself, thus presenting a question perhaps more appropriately addressed to the court than to a jury. In any event, defendants did not raise any objection to the procedure by motion in the present case, and plaintiffs, who chose that procedure, are hardly in position to complain.

The order appealed from is

Affirmed.

Chief Judge BROCK and Judge ARNOLD concur.