VIRGINIA WRIGHT NICKELS v. DEWEY NICKELS

No. 8021DC899

(Filed 5 May 1981)

**Judgments § 21.1; Rules of Civil Procedure § 60.1– motion to set aside consent judgment – reasonable time – failure to show absence of consent**

Defendant's motion 23 months after a consent judgment was entered to set aside the judgment on the ground it was void because defendant did not consent thereto was not made within a "reasonable time" as required by G.S. 1A-1, Rule 60(b)(4), and the trial court thus had no authority to entertain and allow the motion, where defendant was present when most of the terms of the judgment were discussed in open court; within six months after the judgment was entered, defendant read a copy of the judgment and argued with his attorney about the alimony provision therein; and defendant fully complied with terms of the consent judgment with respect to the transfer of title to two mobile homes and two vehicles and the disposition of certain real estate owned by the parties as tenants by the entirety. Furthermore, the evidence was insufficient to rebut the presumption that defendant's attorney, who signed the consent judgment, did not have the authority to do so and that the judgment was therefore void because it had not been signed by defendant.

APPEAL by plaintiff from *Keiger, Judge.* Order entered 17 April 1980 in District Court, FORSYTH County. Heard in the Court of Appeals 2 April 1981.

This civil proceeding was initiated by plaintiff in a complaint dated 9 September 1977 seeking alimony, custody of the minor children born of her marriage to defendant, and child support. When the case came on for hearing before Judge Alexander on 16 November 1977, settlement was discussed and agreed upon by the parties, and thereafter, on 12 January 1978, a consent judgment was executed and signed by Judge Alexander, plaintiff, the attorney for plaintiff, and the attorney for

defendant. Subsequently, on 21 May 1979, in a separate pro-
ceeding, defendant was granted an absolute divorce from plain-
tiff on the basis of one year's separation.

On 4 January 1980, defendant filed a motion seeking to set
aside the 12 January 1978 consent judgment on the grounds
that the consent judgment was entered without his consent.
After a hearing, the court made the following pertinent find-
ings:

> [P]rior to the execution of said judgment, the defendant
> was represented by Chester C. Davis and the plaintiff was
> represented by Rebecca L. Connelly; that on November 16,
> 1977, said case was scheduled for hearing; ... that on the
> date of the hearing the said Chester C. Davis, with the
> consent of the defendant, made an offer of settlement to the
> said Rebecca L. Connelly; that said offer of settlement was
> accepted by the said Rebecca L. Connelly and most of said
> offer was relayed in open Court to the Honorable Abner
> Alexander; ... the consent judgment in question was
> drawn by the said Rebecca L. Connelly, signed by the plain-
> tiff and Rebecca L. Connelly and forwarded to Chester C.
> Davis; that Chester C. Davis notified the defendant ... and
> requested the defendant to come to his office to review said
> consent judgment; that some of the provisions of the con-
> sent judgment were never discussed with the defendant or
> agreed to by the defendant prior to the execution of the
> consent judgment ... ; that in December, 1977, Chester C.
> Davis related to the Honorable Abner Alexander that his
> client had not reviewed the proposed consent judgment;
> that the attorney was unable to contact said client because
> said client was probably out of the country on business;
> that thereafter, on or about January 12, 1978, said attorney
> relayed the same information ... and the Honorable Abner
> Alexander stated to said attorney that he would enter the
> judgment without the consent of the defendant and he
> would enter it as "his," the Court's, judgment; ...

The court then "found" that defendant had neither given his
"unqualified consent" to execute the consent judgment at the
time of its entry, nor had defendant given his attorney, Davis,
the authority to do so. The court concluded that the 12 January
1978 consent judgment was "void," and that defendant had

shown "just reason for justifying release from operation of the consent judgment. . . ." From an order setting aside and relieving defendant from the 12 January 1978 consent judgment, plaintiff appealed.

*Westmoreland, Sawyer & Miller, by Gordon A. Miller, for the plaintiff appellant.*

*Morrow & Reavis, by Larry G. Reavis and John F. Morrow, for the defendant appellee.*

HEDRICK, Judge.

Defendant's "motion to set aside consent judgment" does not contain the rule number pursuant to which the motion was made as contemplated by Rule 6 of the General Rules of Practice for the Superior and District Courts, nor does the order of Judge Keiger granting the motion specify the rule number; however, Judge Keiger declared the consent judgment entered 12 January 1978 by Judge Alexander to be "void." We assume, therefore, that defendant's motion was made and allowed pursuant to G.S. § 1A-1, Rule 60(b)(4), which in pertinent part provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . (4) The judgment is void; . . ."

While motions pursuant to subsections (1), (2), and (3) of Rule 60(b) must be made "not more than one year after the judgment, order, or proceeding was entered or taken," as well as being made "within a reasonable time," motions pursuant to subsections (4), (5), and (6) simply "shall be made within a reasonable time." G.S. § 1A-1, Rule 60(b); *Brady v. Town of Chapel Hill,* 277 N.C. 720, 178 S.E. 2d 446 (1971). What constitutes a "reasonable time" depends upon the circumstances of the individual case. *McGinnis v. Robinson,* 43 N.C. App. 1, 258 S.E. 2d 84 (1979); *see also* 46 Am. Jur. 2d Judgments § 704.

We believe the record in the present case discloses that defendant's motion to "set aside" the consent judgment was not made within a reasonable time. The consent judgment was entered on 12 January 1978. Defendant was present when "most" of the terms of the consent judgment were discussed in open court with Judge Alexander on 16 November 1977. He had told his attorney, Davis, to "do what you have to" because "I want to get it over with." Davis testified that after the consent

Nickels v. Nickels

judgment had been signed "but within six months after November of 1977, and probably less time than that ... ," he and defendant "on at least three separate occasions, got into rather heated arguments about the alimony provision," during which defendant told Davis "he did not agree to the alimony provision ..." Davis then testified he told defendant, "[T]hat is not true. You did agree to it. It's over with." Defendant himself testified that he saw and read a copy of the consent judgment in May 1978.

In addition, defendant fully complied with the terms of the consent judgment with respect to the transfer of title to two mobile homes and two vehicles, the removal of four "junk cars" from a lot owned by plaintiff, the payment of attorney's fees, and the payment of child support. Defendant also signed a disbursement statement dated 8 June 1979 which evidenced complete compliance with the detailed provisions under the consent judgment for the disposition of the Mocksville real estate owned by the parties as tenants by the entirety.

Defendant retained Davis as his attorney until 2 January 1980. Defendant then, with new counsel, filed his motion to "set aside" the consent judgment on 4 January 1980, some twenty-three months after the consent judgment was entered. Under these circumstances, we are of the opinion that defendant waited an unreasonable period of time before hiring a new attorney and filing a motion to be relieved from the consent judgment, and thus Judge Keiger had no authority to entertain and allow the motion, and his order granting relief pursuant to G.S. § 1A-1, Rule 60(b)(4) must be vacated.

Even had the motion to "set aside" the consent judgment been made within a reasonable time, we are of the opinion that Judge Keiger erred in declaring the judgment void. A consent judgment cannot be set aside except upon proper allegation and proof that consent was not in fact given or that it was obtained by fraud or mutual mistake, and the burden of proof is upon the party attacking the judgment. *In Re Johnson,* 277 N.C. 688, 178 S.E. 2d 470 (1971); *Blankenship v. Price,* 27 N.C. App. 20, 217 S.E. 2d 709 (1975). Furthermore, this Court, in *Haddock v. Waters,* 19 N.C. App. 81, 198 S.E. 2d 21 (1973), stated as follows:

While better practice dictates that parties and their attorneys sign a consent judgment, signatures of parties or

their attorneys is not necessary if consent is made to appear. *Stanley v. Cox*, 253 N.C. 620, 117 S.E. 2d 826 (1961). In *Gardiner v. May*, 172 N.C. 192, 196, 89 S.E. 955, 957 (1916), the court said: "A judgment entered of record, whether *in invitum* or by consent, is presumed to be regular, and an attorney who consented to it is presumed to have acted in good faith and to have had the necessary authority from his client and not to have betrayed his confidence, or to have sacrificed his right." The authority of a party's attorney is presumed when he professes to represent the party. ... [Citations omitted.]

*Id.* at 83-84, 198 S.E. 2d at 23. *See also Ledford v. Ledford*, 229 N.C. 373, 49 S.E. 2d 794 (1948). In our view, the evidence in the present case, and the findings made thereon by Judge Keiger, are insufficient to rebut the presumptions discussed in *Haddock v. Waters, Supra*.

The order appealed from is

Vacated.

Judges ARNOLD and WEBB concur.