**BROWN v. WINDHOM**

[104 N.C. App. 219 (1991)]

---

HERMAN M. BROWN, PLAINTIFF v. L. H. WINDHOM, D/B/A WINDHOM BROTHERS, DEFENDANT

No. 9010DC1234

(Filed 1 October 1991)

**Rules of Civil Procedure § 60.1 (NCI3d) — Rule 60 motion — not timely**

The trial court did not abuse its discretion in concluding that defendant's motion for relief under N.C.G.S. § 1A-1, Rule 60 was not timely where defendant offered as an explanation for a one year delay in filing the motion that the "confusion associated with the trial court's disposition of defendant's case produced uncertainty on the part of defendant as to his legal rights and ultimately produced the resulting delay." Defendant's explanation, without more, was insufficient to demonstrate that the trial court abused its discretion in concluding that the delay was unreasonable and in denying the motion.

**Am Jur 2d, Motions, Rules, and Orders § 8.**

APPEAL by defendant from Order and Judgment entered 4 September 1990 by *Judge L. W. Payne* in WAKE County District Court. Heard in the Court of Appeals 22 August 1991.

*Mattox & Davis, P.A., by W. Gregory Duke and Fred T. Mattox, for defendant appellant.*

*No brief filed for plaintiff appellee.*

COZORT, Judge.

Defendant appeals from the trial court's denial of defendant's Rule 60 motion to set aside the judgment. We affirm, finding no

error in the trial court's conclusion that it was unreasonable for defendant to delay almost a year before filing the motion.

On 17 November 1987, plaintiff Herman Brown brought an action against defendant L. H. Windhom, d/b/a Windhom Brothers. Plaintiff sought rescission of a contract and alternatively sought relief for breach of contract. Defendant's attorney at that time, Paul White, from Pitt County, timely filed an answer to the complaint. Pursuant to an agreement between plaintiff's counsel and Mr. White, Mr. White spoke on the telephone with plaintiff's counsel each time the matter appeared on the trial docket, to prevent defendant's counsel from making an unnecessary trip to Raleigh. Plaintiff's counsel would attend calendar call and then inform Mr. White as to whether the matter would be heard that day. On 7 March 1989, when the action was called, plaintiff's attorney had his secretary telephone Mr. White's office. Mr. White's secretary stated that Mr. White was "on his way to court." In actuality, Mr. White was in transit to court in Greenville and not to Raleigh. As a result, neither defendant nor Mr. White appeared at court in Raleigh. In the absence of defendant and defense counsel, the court heard testimony from plaintiff. The court then entered judgment in open court for plaintiff for $2,782.00 plus interest. The judgment was filed 10 March 1989. On 8 March 1990, Fred T. Mattox, new counsel for defendant, filed a motion for relief from the judgment. In the motion, Mr. Mattox alleged that Mr. White did not receive notice that the case would be tried on 7 March 1989. Defendant L. H. Windhom also stated by affidavit that he was not notified of the trial date. In an order entered 4 September 1990, the trial court denied defendant's motion, finding that defendant waited almost a year before filing the motion and concluding that "defendant's delay of almost one year in making his said Motion substantially exceeds the time a reasonable person would have needed under the circumstances to present the objections raised by defendant." Defendant appeals.

On appeal defendant first contends that he had a meritorious defense and that his failure to appear was due to excusable neglect. We need not consider these arguments, however, unless defendant can first demonstrate that the trial court erred in concluding that the motion for relief was not made in a reasonable time.

N.C. Gen. Stat. § 1A-1, Rule 60 (1990) allows a court to relieve a party from a final judgment for reason of mistake, inadvertence,

surprise, or excusable neglect. When a motion is made pursuant to subsection (b)(1), it "shall be made within a reasonable time, and . . . not more than one year after the judgment, order, or proceeding was entered or taken." Generally, a motion for setting aside a judgment pursuant to Rule 60(b) is addressed to the sound discretion of the trial court and the standard of appellate review is limited to determining whether the court abused its discretion. *City Fin. Co. v. Boykin*, 86 N.C. App. 446, 448, 358 S.E.2d 83, 84 (1987).

What constitutes a "reasonable time" under the rule is determined by examining the circumstances of the individual case. *Nickels v. Nickels*, 51 N.C. App. 690, 277 S.E.2d 577, *cert. denied*, 303 N.C. 545, 281 S.E.2d 392 (1981). In *Nickels*, the defendant-movant made a motion to set aside a judgment pursuant to Rule 60(b)(4), a section which does not require the motion to be filed within one year, but which nonetheless must be filed within a "reasonable time." The court in *Nickels* concluded that the movant offered no valid explanation for waiting almost twenty-three (23) months after entry of a consent judgment to make his motion. *Id.* at 693, 277 S.E.2d at 579. Although some of the delay was caused by the defendant's hiring of a new attorney, the court found that the time which had elapsed prior to the motion was unreasonable under the circumstances. *Id.*

Similarly, in the present case, defendant offers little explanation for the one-year delay in filing the motion for relief. Defendant's motion filed in the trial court offers no reason for the delay. In his brief filed in this Court, defendant's only explanation is that the "confusion associated with the trial court's disposition of Defendant's case produced uncertainty on the part of Defendant as to his legal rights and ultimately produced the resulting delay." We find that explanation, without more, insufficient to demonstrate that the trial court abused its discretion in concluding that delay was unreasonable and in denying the motion. Finding no abuse of discretion in the trial court's conclusion that the motion was not timely filed, we need not consider defendant's arguments relating to excusable neglect and a meritorious defense. The trial court's order is

Affirmed.

Judges. ORR and ARNOLD concur.