WIMPHREY W. JENKINS, PEGGY JOHNSON, RUBY J. BASKERVILLE, AND EMMA CLEMONS, PLAINTIFFS v. RICHMOND COUNTY, NORTH CAROLINA; LAT PURSER & ASSOCIATES, INC.; CORNERSTONE DEVELOPMENT COMPANY; FOOD LION, INC.; AND JOHN ALDEN LIFE INSURANCE COMPANY AND CHARLES L. FULTON, TRUSTEE, DEFENDANTS

No. 9420SC268

(Filed 7 March 1995)

**Judgments § 523 (NCI4th)— 60(b) motion for relief—motion not timely**

Plaintiffs' motion for relief pursuant to N.C.G.S. § 1A-1, Rule 60(b) was not made within a reasonable time where plaintiffs waited an entire year before filing it, and this motion followed not only the dismissal of their appeal from the judgment itself but also the dismissal of their appeal from the order dismissing their appeal from the judgment, both of which dismissals were the result of appellate rules violations involving lack of timeliness.

**Am Jur 2d, Judgments §§ 699 et seq.**

Appeal by defendants Cornerstone Development Company and Lat Purser & Associates, Inc., from order entered 14 December 1993 by Judge Thomas W. Ross in Richmond County Superior Court. Heard in the Court of Appeals 10 January 1995.

This case has come to us at an earlier stage in the proceedings, *see Jenkins v. Richmond County*, 99 N.C. App. 717, 394 S.E.2d 258 (1990), *disc. review denied*, 328 N.C. 572, 403 S.E.2d 512 (1991), and we decline to repeat the facts here. We remanded the case for determination of the value of plaintiffs' unimproved lot, the rental value and profits derived from the property in its unimproved condition during the time of defendants' occupation, and the value of improvements made by defendants. Our decision noted that plaintiffs would have to compensate defendants for the value of the improvements, but also "point[ed] out that plaintiffs may opt to relinquish their estate to defendants, who in turn must pay plaintiffs the value of the property in its unimproved condition . . . . If plaintiffs fail to exercise [this option], the value of the improvements becomes a lien and if not paid, a sale of the premises will be ordered. G.S. 1-347." *Id.* at 723, 394 S.E.2d at 262.

Upon remand, the above issues were tried before a jury at the 21 October 1991 regular session of Richmond County Superior Court, Judge James C. Davis presiding. At the close of plaintiffs' evidence, the trial court directed a verdict in favor of defendants on the issue of plaintiffs' alleged lost rents and profits on the lot in question during defendants' possession. By agreement of the parties at the close of all the evidence, the trial court directed a verdict for plaintiffs in the amount of $1,500 on the issue of the fair market value of the lot in its unimproved condition. Further, at the close of all the evidence and upon motion of defendants, the trial court granted a directed verdict in the amount of $248,500 on the issue of the fair market value of the permanent improvements. Judgment was entered 23 October 1991.

Plaintiffs gave notice of appeal from the judgment on 31 October 1991. Following apparently unsuccessful efforts to settle the matter, defendants moved, on 9 December 1991, to dismiss plaintiffs' appeal for their failure to submit a proposed record on appeal within the time prescribed by N.C.R. App. P. 11(a). Plaintiffs moved for an extension of time to serve the proposed record. After a hearing, Judge F. Fetzer Mills denied plaintiffs' motion for an extension of time and granted defendants' motion to dismiss plaintiffs' appeal by order dated 27 January 1992. Plaintiffs gave notice of appeal from this order on 4 February 1992.

Defendants began proceedings to execute on the judgment. On 12 March 1992, the day of the scheduled execution sale of the property, plaintiffs filed a motion to stay execution pending their appeal of the

27 January 1992 order. That same day, defendants moved to dismiss the second appeal for plaintiffs' failure to comply with the Appellate Rules. After a hearing, Judge Mills denied plaintiffs' motion for an extension of time to submit a proposed record, denied plaintiffs' motion for a stay, and granted defendants' motion to dismiss the appeal. Plaintiffs did not appeal from Judge Mills' second order.

The execution sale proceeded as scheduled and defendant Cornerstone Development Company purchased the property for $248,500. On 20 March 1992, plaintiffs petitioned this Court for a writ of supersedeas under N.C.R. App. P. 23 and moved for a temporary stay; the motion was denied on 25 March and the petition was denied on 30 March 1992. A final report and account of the execution sale was entered on 31 March 1992, and though defendants received full value for the improvements themselves, there remained outstanding pre-judgment interest and court costs. Defendants have sought to enforce the judgment as to the remaining balance by action in plaintiffs' home state of New Jersey.

On 23 October 1992, plaintiffs filed a motion for relief from the 23 October 1991 judgment pursuant to G.S. § 1A-1, Rule 60. On 31 August 1993, plaintiffs requested a hearing on their motion for the 25 October 1993 session of Richmond County Superior Court. An order granting plaintiffs relief from the judgment was entered by Judge Ross on 14 December 1993. Defendants appealed.

*No brief filed for plaintiff-appellees.*

*Leath, Bynum, Kitchin & Neal, P.A., by Henry L. Kitchin and Stephan R. Futrell, for defendant-appellants.*

MARTIN, John C., Judge.

G.S. § 1A-1, Rule 60(b) provides:

(b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.*—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1),(2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken . . . .

Plaintiffs did not specify in their motion the subsection of Rule 60(b) pursuant to which they sought relief; however, the trial court determined that plaintiffs were entitled to relief under both subsections (5) and (6). The trial court concluded that the 23 October 1991 judgment had been satisfied when plaintiffs' property was transferred to defendant Cornerstone Development Company to satisfy the lien on the value of the permanent improvements placed on the property. Judge Ross alternately concluded that defendants' attempt to collect interest on the value of the improvements constituted an extraordinary circumstance justifying relief pursuant to Rule 60(b)(6).

Under both Rule 60(b)(5) and (6), the motion for relief must be made within a reasonable time. We conclude that plaintiffs' motion was not made within a reasonable time, and we reverse the order of the trial court granting plaintiffs relief.

Plaintiffs waited literally an entire year before filing their motion for relief, and this motion followed not only the dismissal of their appeal from the judgment itself, but also the dismissal of their appeal from the order dismissing their appeal from the judgment. Both dismissals were the result of appellate rules violations due to plaintiffs' failure to file and serve their proposed records on appeal within the time prescribed by the North Carolina Rules of Appellate Procedure.

That which constitutes a reasonable time under Rule 60(b) is determined by examining the circumstances of the individual case. *Brown v. Windhom*, 104 N.C. App. 219, 408 S.E.2d 536 (1991). In *Brown*, the defendant's only explanation for a year-long delay in filing

his motion for relief was uncertainty as to his legal rights. This Court held such an explanation to be insufficient justification to award relief after a year's delay.

Here, plaintiffs have offered no explanation for the one-year delay in filing their motion for relief, or the subsequent additional year-long delay in prosecuting the motion. Under the circumstances present here, the motion simply cannot be considered as having been made within a reasonable time. (*See Nickels v. Nickels*, 51 N.C. App. 690, 277 S.E.2d 577, *disc. review denied*, 303 N.C. 545, 281 S.E.2d 392 (1981), where a twenty-three month interval between entry of a consent judgment and defendant's asking for relief from that judgment was considered an unreasonable delay.) The record shows that plaintiffs became aware of the judgment's inclusion of interest and costs beyond the value of the improvements upon the property no later than early February 1992, within four months of the date of judgment. Nevertheless, plaintiffs waited over eight more months before filing their motion for relief based on defendants' execution on the judgment, and another year before bringing the motion before the court for a decision.

We cannot help but observe that dilatory practices, amounting to violations of appellate rules designed to expedite the efficient handling of disputes to final resolution, have twice led to the dismissal of plaintiffs' appeals. We also note that plaintiffs did not appeal from Judge Mills' second order, which effectively ended their appeal in this matter. Thus, plaintiffs appear to have attempted to employ a motion for relief pursuant to Rule 60(b) as a substitute for appeal from the 23 October 1991 judgment after the proper avenues for that appeal had been closed to them through their own inaction. Motions pursuant to Rule 60(b) may not be used as a substitute for appeal. *Concrete Supply Co. v. Ramseur Baptist Church*, 95 N.C. App. 658, 383 S.E.2d 222 (1989). The order of the trial court is reversed.

Reversed.

Judges COZORT and JOHN concur.