IN THE MATTER OF: THE WILL OF VILNA V. BAITY, DECEASED

No. 8222SC1316

(Filed 6 December 1983)

1. **Rules of Civil Procedure § 60.2— relief from judgment—prior will not newly discovered evidence**

     In a proceeding to caveat a 1972 will, the discovery of a 1968 will did not constitute "newly discovered evidence" within the meaning of G.S. 1A-1, Rule 60(b)(2) which would permit the trial judge to order a new trial.

2. **Judgments § 21— consent judgment—requirements for setting aside**

     A judgment in a caveat proceeding which incorporated a family settlement agreement constituted a consent judgment which could be set aside only upon proper allegation and proof that consent was not in fact given or that it was obtained by fraud or mutual mistake.

3. **Judgments § 21.2— consent judgment—no mutual mistake**

     In a proceeding to caveat a 1972 will, the parties' lack of knowledge of a 1968 will of the testatrix did not constitute a mutual mistake which would support an order setting aside a consent judgment incorporating a family settlement agreement where the parties' lack of knowledge of the 1968 will did not form the basis of the consent judgment and did not motivate or control their conduct in entering into the consent judgment. Even if propounders would not have entered into the consent judgment had they known of the 1968 will, their lack of knowledge of the will was at most a unilateral mistake since the existence of the will was of no consequence to the caveators and did not motivate their consent to the judgment.

4. **Wills § 25— caveat proceeding—hearing to set aside consent judgment—attorney fees**

     Where the appellate court held that the trial court erred in setting aside a consent judgment in a caveat proceeding and directed that the consent judgment be reinstated, the trial court was without authority to order the payment of attorney fees as part of the court costs at the hearing to set aside the consent judgment. G.S. 6-21(2).

ON writ of certiorari to review the order of *DeRamus, Judge,* entered on 5 February 1982 in Superior Court, DAVIE County. Heard in the Court of Appeals 15 November 1983.

This is a proceeding filed in the Superior Court to caveat the last will and testament of Vilna V. Baity, dated 19 April 1972. The matter came on for trial on 27 July 1981, following which the jury duly sworn and empaneled to hear the proceeding reported to the court that it could not reach a decision, whereupon settlement negotiations between the caveators and propounders "began in earnest." The parties entered into a "Family Settlement Agreement," wherein the propounders agreed to accept as their share of the estate the property they would have received had Vilna Baity died intestate in addition to two tracts of land containing approximately 8.35 acres. The agreement provided that the caveators would receive as their share of the estate what they would have received had Vilna Baity died intestate, less the two tracts of land to be given to the propounders.

In accordance with the Family Settlement Agreement the judge peremptorily instructed the jury to answer the issues in favor of the caveators by declaring the paperwriting dated 19 April 1972 not to be the last will and testament of Vilna Baity. On 30 July 1981 the court entered judgment on the verdict, incorporating into the judgment the Family Settlement Agreement hereinbefore mentioned.

One day after entry of the consent judgment, another paperwriting dated 1 February 1968 was discovered among the valuable papers of Vilna Baity, wherein she devised her property to her two sisters, the propounders, just as she had done in the 1972 paperwriting.

On 9 November 1981, more than 60 days after entry of the consent judgment, the propounders filed a motion pursuant to the North Carolina Rules of Civil Procedure, Rule 60(b)(1), (2), and (6), to be relieved of the consent judgment.

On 5 February 1982, after a hearing, Judge DeRamus made findings and conclusions and entered an order setting aside the consent judgment and Family Settlement Agreement and ordered a new trial. The caveators gave notice of appeal and on 16 August 1982 they filed a petition for writ of certiorari which was allowed by this court on 30 August 1982.

*White and Crumpler, by William E. West, Jr., and Craig B. Wheaton, for the propounders, appellees.*

*Brock & McClamrock, by Grady L. McClamrock, Jr., for the caveators, appellants.*

HEDRICK, Judge.

Caveators assign error to the court's decision to set aside the judgment incorporating the Family Settlement Agreement. They contend that the court's order was unsupported by appropriate findings and conclusions.

[1] Although the propounders' motion for relief from the judgment was made pursuant to Rule 60(b)(1), (2), and (6), North Carolina Rules of Civil Procedure, the order of the trial judge does not specify the rule pursuant to which he purported to act. Because the judge found there was "newly discovered evidence" and ordered a new trial, we assume he acted pursuant to Rule 60(b)(2). We believe, and the propounders concede in their brief, that the discovery of the 1968 paperwriting is not "newly discovered evidence" within the meaning of Rule 60(b)(2). We thus hold that the court's action in setting aside the judgment dated 30 July 1981 and ordering a new trial on the grounds of newly discovered evidence was clearly erroneous. We further believe it clear that, under the circumstances of this case, Rule 60(b)(1) has no application, nor does it appear that Judge DeRamus based his ruling on "mistake, inadvertence, surprise, or excusable neglect." We thus turn to a consideration of the application of Rule 60(b)(6) to the facts of this case.

[2] Caveators contend that the judgment dated 30 July 1981 is properly characterized as a consent judgment, and that any attack on the judgment is thus governed by the special rules that have developed regarding consent judgments.

A consent judgment has been defined by this court as "the contract of the parties entered upon the records of a court of competent jurisdiction with its sanction and approval." *Blankenship v. Price,* 27 N.C. App. 20, 22, 217 S.E. 2d 709, 710 (1975). Because a consent judgment incorporates the bargained agreement of the parties, such a judgment may be attacked only on limited grounds: "It cannot be . . . set aside except upon proper allega-

tion and proof that consent was not in fact given or that it was obtained by fraud or mutual mistake, the burden being upon the party attacking the judgment." *Id.* When parties seek to attack a consent judgment on the basis of mutual mistake by way of a motion in the cause, Rule 60(b)(6) controls. *See* N.C. Civ. Prac. & Proc. (2d Ed.), Sec. 60-11.

The judgment in the instant case, incorporating the bargained-for settlement agreement of the parties, is clearly a consent judgment. Because the record reveals neither evidence nor allegation of fraud or lack of consent, we turn our consideration to propounders' contention, contained in their brief, that the consent judgment was the product of mutual mistake.

Our Supreme Court discussed the doctrine of mutual mistake at some length in *Financial Services v. Capitol Funds*, 288 N.C. 122, 217 S.E. 2d 551 (1975):

> [A] contract may be avoided on the ground of mutual mistake of fact where the mistake is common to both parties and by reason of it each has done what neither intended. . . . Generally speaking . . . in order to affect the binding force of a contract, the mistake must be of an existing or past fact which is material; it must be as to a fact which enters into and forms the basis of the contract, or in other words, it must be of the essence of the agreement, the sine qua non, or, as is sometimes said, the efficient cause of the agreement, and must be such that it animates and controls the conduct of the parties.

*Id.* at 135-36, 217 S.E. 2d at 560 (citations omitted).

[3] Propounders contend the lack of knowledge of the existence of the 1968 paperwriting purporting to be a will prepared by Vilna Baity was a mutual mistake of the parties that supports the judge's order setting aside the consent judgment. We do not agree. While the existence of the 1968 paperwriting might have been an unknown fact, common to all parties to the caveat proceeding, this fact was not material. The parties' lack of knowledge of such a will did not form the basis of the consent judgment and did not motivate or control their conduct in entering into the agreement to settle the caveat proceeding by the consent judgment embodying the Family Settlement Agreement. The consent

judgment was clearly and unmistakably the product of the agreement of the parties when the jury reported that it was "deadlocked" and could not reach agreement regarding the issues submitted to it in the caveat proceeding.

Even if we assume, as propounders contend, that the existence of the 1968 paperwriting was a material fact, and that propounders would never have entered into the Family Settlement Agreement had they known of the document, their assumption to the contrary was at most a unilateral mistake. The existence or nonexistence of the 1968 paperwriting was of no consequence to the caveators and did not motivate their consent to the agreement. "A unilateral mistake, unaccompanied by fraud, imposition, undue influence, or like oppressive circumstances, is not sufficient to avoid a contract or conveyance." *Id.* at 136, 217 S.E. 2d at 560.

Because the evidence is insufficient as a matter of law that the Family Settlement Agreement was based on mutual mistake as to a material fact, we hold that the court's findings and conclusions do not support the order setting aside the consent judgment entered 30 July 1981.

[4] Caveators also argue that "the court erred in failing to award attorney's fees as a part of the court costs at the hearing to set aside the family settlement agreement." The record reveals that the court's refusal to award attorney's fees was based on its decision to postpone any award until the matter was retried. N.C. Gen. Stat. Sec. 6-21(2) provides that the court may allow costs against either party or apportion costs, in its discretion, in caveat proceedings and certain other related matters. Since we have held that the court erred when it set aside the judgment incorporating the Family Settlement Agreement and ordered a new trial, and since we have directed that the consent judgment be reinstated, the trial court was without authority in the instant case to order the payment of attorney's fees as a part of the costs of the caveat proceedings. The court, the caveators, and the propounders were and are bound by the consent judgment.

The result is: the order appealed from is vacated and the cause is remanded to the Superior Court for entry of an order reinstating the consent judgment and Family Settlement Agreement.

Vacated and remanded.

Judges WHICHARD and BECTON concur.