JUDITH D. BLEE v. FREDERICK J. BLEE

No. 876DC937

(Filed 15 March 1988)

**Judgments § 21.1— consent judgment entered in June—consent withdrawn before judgment signed in September—judgment binding**

> The trial court erred in determining that a judgment signed by another judge was a consent judgment, that one of the parties had withdrawn his consent, and that the judgment was therefore void, since the judgment was promulgated and entered by the other judge on 13 June 1986; the signing thereof on 8 September 1986 merely memorialized said judgment; defendant was silent until three days after the 13 June 1986 hearing when he went to his attorney and declared that he did not consent to the judgment; and defendant's efforts to repudiate were of no effect.

APPEAL by plaintiff from *Tate, Judge.* Order entered 20 May 1987 in District Court, HALIFAX County. Heard in the Court of Appeals 2 March 1988.

This is a civil action for absolute divorce and equitable distribution of marital property. This matter came on for hearing before Judge Long on 13 June 1986, and a judgment regarding the distribution of marital property was entered on that date. The formal judgment was signed by Judge Long on 8 September 1986. On 17 September 1986 defendant filed a motion pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure to be relieved from the judgment signed on 8 September 1986. Defendant's Rule 60(b) motion came on for hearing before Judge Tate on 13 March 1987 wherein Judge Tate made findings of fact and concluded as a matter of law that "the 'Final Order and Judgment Equitable Distribution' was a Consent Judgment, and one of the parties had

repudiated the agreement and had withdrawn his consent thereto, and such consent was not subsisting at the time this document was signed by Judge Nicholas Long." Judge Tate then granted defendant's Rule 60(b) motion, declared the 8 September 1986 judgment signed by Judge Long to be "void and of no effect," and vacated the judgment. Plaintiff appealed.

*Moore, Diedrick, Carlisle & Hester, by J. Edgar Moore, for plaintiff, appellant.*

*Josey, Josey & Hanuel, by C. Kitchin Josey, for defendant, appellee.*

HEDRICK, Chief Judge.

The only question before us on this appeal is whether Judge Tate erred in declaring the judgment signed by Judge Long on 8 September 1986 to be "void and of no effect." On appeal plaintiff contends Judge Tate erred in concluding "the 'Final Order and Judgment Equitable Distribution' was a Consent Judgment, and one of the parties had repudiated the agreement and had withdrawn his consent thereto, and such consent was not subsisting at the time this document was signed by Judge Nicholas Long." We agree with plaintiff and reverse the order appealed from and remand the case to the district court for reinstatement of the judgment entered on 13 June 1986 and memorialized on 8 September 1986 when Judge Long signed the formal judgment.

A consent judgment is a contract of the parties that is entered upon the records with the approval and sanction of a court of competent jurisdiction, and it depends for its validity upon the consent of both parties, without which it is void. *Stanley v. Cox,* 253 N.C. 620, 117 S.E. 2d 826 (1961). "The power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto, and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement of the parties and promulgates it as a judgment." *Ledford v. Ledford,* 229 N.C. 373, 376, 49 S.E. 2d 794, 796 (1948). A court is without power to sign a judgment, based upon the consent of the parties, after one of the parties repudiates the agreement and withdraws his consent thereto. *Freedle v. Moorefield,* 17 N.C. App. 331, 194 S.E. 2d 156 (1973).

Defendant argues in the present case that Judge Tate was correct in declaring the judgment signed by Judge Long on 8 September 1986 to be void because Judge Long had no jurisdiction to sign the judgment in the face of defendant's unqualified and absolute withdrawal of his consent to the judgment. We recognize the validity of the general proposition cited by defendant. However, these rules and cases are not controlling in the present factual situation.

Plaintiff asserts the judgment signed by Judge Long on 8 September 1986 merely memorialized the judgment promulgated and entered on 13 June 1986. We agree. We quote from the transcript of the 13 June 1986 hearing before Judge Long:

COURT: Gentlemen, are we ready to proceed?

MR. MOSELEY: Yes, sir.

COURT: All right, I believe you have something you wish to say. You may keep your seat.

MR. MOORE: Your Honor, In *Blee vs. Blee* —

COURT: I believe this is case number 281.

MR. MOORE: That's right, 281.

COURT: Just so we'll have the right case number, all right, go ahead.

MR. MOORE: We have a settlement signed by both parties which has been discussed with you in chambers. And the following that is not in writing, we would like to incorporate into the Court Order. And that is that Mr. Blee will occupy the house that he is going to convey to his wife for the next thirty days or until he can find a suitable place to live, earlier if he can.

COURT: All right, is that agreeable Mr. Moseley?

MR. MOSELEY: Yes, sir.

MR. MOORE: All right, in the assets that Mrs. Blee will get there are three debts which are listed as Eddie George, Phil Hux, and Fred Hall, and we would like for Mr. Blee to assist us in testifying if we have to sue to collect them because we know nothing about the debt and what he testifies to in that position.

---

---

MR. MOSELEY [sic]: Mr. Moseley, is that agreeable with you?

MR. MOSELEY: Your Honor, I do not object to him being subpoenaed down here to testify—

COURT: As a witness.

MR. MOSELEY: —as a witness.

MR. MOORE: Since the Order, the judgment will be effective today, we would like the keys to the Blee Plumbing and Heathing [sic] building today so we can go ahead and secure it and get it insured. So that should not be any problem.

. . .

COURT: And who is going to draw this order?

MR. MOORE: I will draw the order.

Obviously both parties and their attorneys were present at the hearing on 13 June 1986. Court was in session, and Judge Long was presiding. Both attorneys explained to the court that a settlement had been reached with respect to the distribution of the marital property, and the terms to that agreement had been reduced to writing and signed personally by the parties. The written agreement was specifically made a part of the formal judgment signed by Judge Long on 8 September 1986. The attorney for plaintiff, Mr. Moore, in open court expressly stated "[s]ince the Order, the judgment will be effective today, we would like the keys to the Blee Plumbing and Heathing [sic] building today so we can go ahead and secure it and get it insured. So that should not be any problem." The judge asked defendant's attorney, Mr. Moseley, "That's agreeable?" and Mr. Moseley replied, "Yes, sir." Finally, the judge stated, "All right ma'am, if you want to make a notation on this file that Mr. Moseley is to furnish the divorce judgment and Mr. J. Edgar Moore to furnish us with the other judgment by way of Mr. Moseley."

Rule 58 of the North Carolina Rules of Civil Procedure in pertinent part provides:

In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry

of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.

We hold the record before us manifests that a judgment was promulgated and entered by Judge Long on 13 June 1986, and the signing thereof on 8 September 1986 merely memorialized said judgment. It is to be noted that defendant was silent until three days after the 13 June 1986 hearing when he went to his attorney, Mr. Moseley, and declared that he did not consent to the judgment. Defendant then discharged Mr. Moseley as his attorney. On 17 June 1986 defendant personally telephoned Judge Long to tell the judge that he had withdrawn his consent. Thereafter defendant hired new counsel, Mr. Davenport, from out of the district, and Mr. Davenport notified Judge Long that defendant no longer consented to the judgment. There is nothing in the record before us to indicate that Mr. Moseley was ever allowed to withdraw from the case, or that defendant's new counsel, Mr. Davenport, ever officially became counsel of record before the judgment was signed by Judge Long on 8 September 1986.

While we realize the better practice would be for the formal judgment to be prepared and signed immediately after the hearing, such is seldom, if ever, possible or practical, and it is not necessary or required by our rules. It would be a travesty to say that a party to a judgment so solemnly promulgated and entered as the one depicted by this record could repudiate that judgment at any time after the judgment was entered. Defendant's efforts three days later to repudiate the judgment are of no effect whatsoever.

The judgment appealed from is reversed, and the cause is remanded to the District Court of Halifax County for reinstatement of the judgment entered 13 June 1986 and memorialized on 8 September 1986.

Reversed and remanded.

Judges JOHNSON and ORR concur.