A. W. GOFF, JR. v. DONNA C. GOFF

No. 8726DC1019

(Filed 31 May 1988)

**Judgments § 10; Trial § 6.1— stipulation that consent judgment followed—relief from provisions improper**

   The trial court erred in ordering plaintiff to reimburse defendant for the portion of escrowed funds which were used to pay plaintiff's tax obligations as a result of a pay-off of a note to plaintiff, since defendant's attorney stipulated that the language of the parties' earlier consent judgment was literally followed when the funds were used to pay plaintiff's obligations; the provisions of the consent order concerning the division of property had been fully executed and satisfied; and the trial court was therefore without authority to order plaintiff to reimburse defendant.

APPEAL by plaintiff from *Jones (William G.), Judge.* Order entered 30 June 1987 in District Court, MECKLENBURG County. Heard in the Court of Appeals 9 March 1988.

Plaintiff and defendant were married on 3 July 1954. During the marriage, the parties had four children. On 2 July 1979, the parties separated and in February of 1980 they entered into a "Separation and Property Settlement Agreement" which addressed custody of the one minor child, division of marital property, alimony and the tax liabilities involved. Plaintiff filed an action for divorce which was granted in August of 1980. The divorce judgment incorporated the terms and conditions of the separation agreement previously agreed to by the parties.

In 1986, plaintiff filed a motion to reduce the alimony being paid defendant, and defendant filed a motion requesting that plaintiff reimburse her for certain costs expended on household appliances. While these motions were being heard, the parties began negotiating for a complete settlement of the matters involved. The hearings were adjourned to allow for such negotiation.

On 1 July 1986, the parties presented to the court an order to which they had both consented and they asked that it be entered on that date. The court entered the order which stated in part:

1. *Cash Payment of Defendant*: Upon the execution of this Order, the plaintiff shall pay to the defendant a cash payment of $34,410.15. This amount represents one half of the net payoff of a certain promissory note dated December 29, 1978, in the original principal amount of $930,320.00 executed by McGuire Investment Group #4 in favor of the plaintiff, defendant and three children of the parties hereto plus payments received from McGuire during May and June of 1986 on a second note. The net cash payment was computed as follows:

| | |
|---|---:|
| April payment on note received by defendant | $      144.97 |
| April payment on note received by plaintiff | 7,587.44 |
| Payoff on note received by defendant | 123,446.72 |
| May and June payments to plaintiff | 4,440.70 |
| May and June payments to defendant | 84.62 |
| | $138,043.43 |
| Less Tax Escrow | − 60,000.00 |
| Balance to be divided | $ 78,043.43 |
| Amount due each party | $ 39,021.715 |

Distribution:

|                              | A. W. Goff, Jr. | Donna C. Goff |
| ---------------------------- | --------------: | ------------: |
| McGuire note payments        |     $135,434.86 |    $ 2,608.57 |
| Less Tax Escrow              |       60,000.00 |               |
|                              |    $ 75,434.86  |               |
| Less payment to Donna C. Goff |       2,003.00 |      2,003.00 |
|                              |    $ 73,431.86  |               |
| Less balance due Donna C. Goff |     34,410.15 |     34,410.15 |
|                              |    $ 39,021.71  |  $ 39,021.71  |

2. *Tax Treatment of Cash Payment.* The cash payment made by plaintiff shall not be deducted by him for tax purposes and shall not be included in the defendant's gross income for the 1986 tax year. The provisions of the 1984 Tax Reform Act shall apply to this Order.

3. *Tax Escrow.* Upon execution of this Order, the plaintiff shall deliver to Earl C. Roller, Trustee (hereinafter called "Trustee") the sum of $60,000.00 which shall be placed immediately in an interest bearing account with the interest thereon to accrue to and be added to the account. The plaintiff shall cause to be prepared on or before April 15, 1987, two separate State and Federal tax returns. The first set of such returns shall reflect his 1986 tax obligations as if the aforesaid $930,320.00 Note had not been paid. The second such set of returns shall reflect his 1986 tax obligation including the payoff of the $930,320.00 Note. The Trustee shall disburse proceeds payable to the taxing authorities in an amount equal to the difference in the two sets of returns. The remaining balance, if any shall be divided equally between the plaintiff and the defendant. Pending disbursement, the certificates or other evidence of deposit shall be delivered to Richard A. Lucey.

4. *Assignment of Second Note.* There remains unpaid a certain Note in favor of the plaintiff, the defendant and three

of their children executed by McGuire Investment Group #4 on December 29, 1978 in the original principal amount of $378,880.00 (the "Note"). Such note is subject to no offsets except a potential 30 percent discount which is available under conditions specified in Paragraph 8 of a letter dated April 3, 1980 from McGuire Investment Group #4 to the plaintiff. At the present time, the plaintiff is the owner of 52/56 undivided interest in such Note and the defendant is the owner of a 1/56 undivided interest in said Note. Upon the execution of this Order, plaintiff shall execute an Assignment, sufficient in form to be recorded in the Office of the Register of Deeds for Mecklenburg County, North Carolina, assigning unconditionally to defendant 25.5/56 of his interest in such Note so that both parties will then own one half of a 53/56 interest in the Note. The plaintiff shall not have any authority to act as the defendant's agent as provided in the Note but shall continue to deal with McGuire and shall notify the defendant of any and all material communications oral or written which may be received from McGuire. The plaintiff and defendant shall act independently during any negotiations concerning this Note and no agreement involving such Note shall be finalized without the written approval of both parties.

In early 1987, Earl C. Roller, the trustee, prepared the two sets of state and federal income tax returns for plaintiff as required in paragraph 3 of the consent order. He determined that $56,069.00 would be needed to pay the additional tax incurred due to the $930,320.00 note being paid to plaintiff in 1986. The trustee, however, also included in his calculations the fact that the $378,880.00 note had been paid that year. This resulted in part of the $60,000.00 escrow account being used to pay off plaintiff's tax liability for the second note as well as the first. Defendant, with her individual funds, had already paid her tax liability due to the pay-off of the smaller note in which she had one-half ownership. However, the trustee requested that defendant's attorney release the escrowed funds to him so that the tax liability resulting from his calculations could be paid. Defendant's attorney did so under protest and included a letter to the trustee which stated in part:

> I have reviewed the proposed returns of Mr. Goff that you submitted to me under cover of your letter of March 27, 1987. As was confirmed in your office when I met with you to

discuss the returns, you have included the payment of the second McGuire Note (original principal amount of $378,880.00 referred to in Paragraph 4 of the Consent Order entered July 1, 1986), in all of your calculations. The result is that joint assets (the $60,000.00 tax escrow fund established in Paragraph 3 of the Consent Order) are being used to pay Mr. Goff's tax liability incurred due to the payoff of the "second note." On the other hand, Mrs. Goff is using her own assets to pay her liability. While this result might very well be within the literal reading of Paragraph 3 of the Consent Order, it certainly is patently offensive to Mrs. Goff's interest and the historical development of the Order that was signed by Judge Jones.

On 19 May 1987, defendant filed a motion requesting the court to enter an order directing plaintiff to reimburse defendant for the portion of the escrowed funds that were used to pay plaintiff's tax obligations as a result of the pay-off of the second note. At the hearing on that motion, defendant's attorney stipulated that the language set forth in paragraph 3 of the consent order was literally followed in determining the disbursement of the tax escrow account. The trial court, however, found that the literal reading and interpretation of that paragraph was contrary to the intent of the parties and the court at the time the order was entered. The trial court also found "that it would be a gross injustice to enforce the literal language of the Consent Order." The court further held that there was no intention that the tax obligation incurred by plaintiff as a result of the pay-off of the second note be paid with money from the escrow account. The court, therefore, concluded that defendant was "entitled to relief pursuant to Rule 60(b)(1) and (6)," and ordered plaintiff to reimburse defendant for one-half of the escrow account funds used to pay plaintiff's tax liability as a result of the sale of the second note. From this judgment, plaintiff appeals.

*Alvin A. London and Charles M. Welling for plaintiff appellant.*

*Richard A. Lucey for defendant appellee.*

ARNOLD, Judge.

Plaintiff correctly argues that the trial court erred in ordering a refund to defendant of a payment which was made pursuant to the provisions of a prior consent order.

While this Court has some doubt that the provisions of paragraph 3 were properly carried out according to the consent order as it is worded, defendant stipulated that the provisions were literally followed in determining the disbursement of the tax escrow account. Why defendant made such a stipulation involving the crux of her case is not a matter for this Court.

The public policy of this state is to promote certainty and finality in domestic dispute resolutions. *Reavis v. Reavis*, 82 N.C. App. 77, 345 S.E. 2d 460 (1986). Generally, courts are reluctant to allow collateral attacks on consent judgments. *Id.* Therefore, only property divisions which have not been satisfied may be modified. *Walters v. Walters*, 307 N.C. 381, 298 S.E. 2d 338 (1983). Since the provisions of the consent order concerning the division of property had been fully executed and satisfied, the trial court was without authority to order plaintiff to reimburse defendant.

Reversed.

Judges BECTON and PARKER concur.