VICKI JO CRUMP STEVENSON, PLAINTIFF v. MICHAEL LEE STEVENSON, DEFENDANT

No. 8926DC1385

(Filed 4 December 1990)

### Judgments § 21 (NCI3d) — divorce — consent judgment — subsequent modification

The trial court erred by granting plaintiff's motion under N.C.G.S. § 1A-1, Rule 60(b) to "correct an error" in a consent judgment in a divorce action where the parties announced to the court that they had reached an agreement; counsel for the plaintiff read certain portions of the agreement into the record, including a formula for assessing the value of the marital home which included a loan to the parties from defendant's employer; counsel for defendant then prepared an initial draft of a consent judgment; the draft was revised several times; a final draft was signed by the parties and their attorneys, submitted to the court, and then filed, but did not mention including the loan from defendant's employer in the formula for computing the value of the house; plaintiff would have been entitled to $8,627.18 under the formula as read into the record but was entitled to nothing under the formula spelled out in the consent judgment; plaintiff filed a Rule 60(b) motion to correct the alleged error in the judgment; and the trial court granted the motion. The evidence was not sufficient to support claims of fraud or lack of consent, and any mistake was not mutual in that both parties altered the agreement during several redrafts. There was also no showing that defendant attempted to conceal the alteration of the formula, or that any pressure was applied to get plaintiff and her attorney to sign the judgment without being able to properly review it.

Am Jur 2d, Divorce and Separation §§ 470, 471; Judgments §§ 688, 765.

APPEAL by defendant from order entered 23 August 1989 in MECKLENBURG County District Court by *Judge Marilyn R. Bissell*. Heard in the Court of Appeals 18 September 1990.

Plaintiff and defendant were married in 1974. Plaintiff filed an action against defendant on 5 April 1988 seeking alimony *pendente*

*lite*, permanent alimony, equitable distribution, child custody, and attorney's fees. Defendant counterclaimed for custody. The matter was called for hearing on 31 May 1988. The parties announced to the court at that time that they had reached an agreement on the issues which were to be brought before it. Counsel for the plaintiff read certain provisions of the agreement into the record. The court then admonished the attorneys to draft an artful order and made sure the parties understood and agreed to the terms of the agreement as they had been recited.

The agreement was that plaintiff was to have sole possession of the marital home. She also would receive an extra sum if the value of the house, as assessed through a certain formula, was less than the value of defendant's profit sharing plan. The formula read into the record on 31 May 1988 included a deduction in the value based on a loan to the parties from defendant's employer connected with the purchase of their home.

Counsel for the defendant then prepared an initial draft of a consent judgment. It was revised several times. A final draft was submitted to the court and filed 6 July 1988. Both parties and their attorneys signed it. This judgment made no mention of including the loan from defendant's employer in the formula for computing the value of the house. The house was assessed and compared to the value of the pension plan. Under the formula as read into the record, plaintiff would have been entitled to $8,627.18. Under the formula as spelled out in the consent judgment, plaintiff was entitled to nothing.

On 25 April 1989, plaintiff filed a Rule 60(b) motion to "correct an error" in the judgment. The trial court granted the motion pursuant to Rule 60(b)(6) on 23 August 1989. The court made extensive findings of fact regarding the negotiations surrounding the agreement and concluded that "justice and equity" required that certain paragraphs be vacated and paragraphs be inserted to reflect the formula as agreed upon in open court. Defendant appeals.

*Casstevens, Hanner, Gunter & Gordon, by Dorian H. Gunter and Elizabeth J. Caldwell, for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, by Scott M. Stevenson, for defendant-appellant.*

WELLS, Judge.

The judgment in this case is a consent judgment. A consent judgment incorporates the bargained agreement of the parties. *In re Will of Baity*, 65 N.C. App. 364, 309 S.E.2d 515 (1983), *cert. denied*, 311 N.C. 401, 319 S.E.2d 266 (1984). Such a judgment can only be attacked on limited grounds. The party attacking the judgment must properly allege and prove that consent was not in fact given, or that it was obtained by mutual mistake or fraud. *Blankenship v. Price*, 27 N.C. App. 20, 217 S.E.2d 709 (1975). Plaintiff in this case did not make a sufficient showing under this standard. We therefore vacate the trial court's order.

The trial court made extensive findings of fact regarding the judgment and the circumstances surrounding the entry of it in its order. There are no findings which would support a conclusion of fraud or lack of consent. Our examination of the record also failed to reveal sufficient evidence to support either claim. We focus our analysis, then, on the issue of mistake.

A contract may be avoided based on mutual mistake where the mistake is common to both parties and because of it each has done what neither intended. *Marriot Financial Services, Inc. v. Capitol Funds, Inc.*, 288 N.C. 122, 217 S.E.2d 551 (1975). A unilateral mistake, unaccompanied by fraud, imposition, or like circumstances, is not sufficient to avoid a contract. *Id.* In *Baity, supra*, this Court applied these principles to consent judgments.

The record before the trial court was insufficient to support a conclusion that each party had done what neither intended. Defendant altered the agreement from what was agreed upon at trial, as each side apparently did during several redrafts. There was no finding or evidence which would lead to a conclusion that this was inadvertent. Any mistake, then, was not mutual.

We also do not find a sufficient basis, either in the trial court's findings of fact or our own review of the record to support a claim of unilateral mistake accompanied by fraud, imposition, or similar circumstances. There is no showing that defendant attempted to conceal the alteration of the formula, or that any pressure was applied to get plaintiff and her attorney to sign the judgment without being able to properly review it.

In *Fountain v. Fountain*, 83 N.C. App. 307, 350 S.E.2d 137 (1986), *disc. review denied*, 319 N.C. 224, 353 S.E.2d 407 (1987),

STEVENSON v. STEVENSON

[100 N.C. App. 750 (1990)]

we held that a written instrument could be reformed when there had been a prior oral agreement, and one party knew that the other party was operating under a mistaken belief that the written ·agreement conformed to it. While in this case, there is clear evidence of a prior contrary oral agreement, there are no findings in the trial court's order which would establish that plaintiff and her attorney were mistaken as to the effect of the language of the agreement and that defendant was aware of this mistake at the time the consent judgment was signed. Our review of the record likewise reveals insufficient evidence to support such a conclusion. The agreement was altered many times by both parties. It should be enforced as written.

*Blee v. Blee*, 89 N.C. App. 289, 365 S.E.2d 679 (1988), is distinguishable. Judgment in that case was entered orally, and by agreement of the parties was effective that day. Defendant attempted to withdraw his consent before the judgment was memorialized. The trial court allowed defendant's Rule 60(b) motion. This Court reversed, holding: "It would be a travesty to say that a party to a judgment so solemnly promulgated and entered as the one depicted by this record could repudiate that judgment at any time after the judgment was entered." The judgment in this case was not "solemnly rendered" on 31 May 1988. It was altered several times by both parties before it was finalized and signed by the court.

It is the policy of this State to promote certainty and finality in domestic dispute resolutions. *Goff v. Goff*, 90 N.C. App. 388, 368 S.E.2d 419 (1988). Plaintiff in this case has not carried her burden to invalidate this consent judgment. The order of the trial court is therefore vacated.

Vacated.

Judges COZORT and LEWIS concur.