ALLEN v. ALLEN

[118 N.C. App. 455 (1995)]

———————

DONALD W. ALLEN, JR., Plaintiff v. SARAH A. ALLEN, Defendant

No. 9426DC618

(Filed 4 April 1995)

**Divorce and Separation § 168 (NCI4th)— 401(k) plan—award of post-separation gains and losses proper**

The trial court's judgment and orders awarding defendant post-separation gains and losses on her portion of plaintiff's 401(k) plan were consistent with both the parties' agreement and the law of this State.

**Am Jur 2d, Divorce and Separation §§ 870 et seq.**

**Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.**

Appeal by plaintiff from qualified domestic relations order entered 4 January 1994 and equitable distribution judgment and order entered 8 February 1994 by Judge Resa L. Harris in Mecklenburg

County District Court. Heard in the Court of Appeals 28 February 1995.

*Dennis J. Slattery for plaintiff-appellant.*

*Hicks, Brown and Mann, P.A., by Fred A. Hicks and Terri L. Young, for defendant-appellee.*

WALKER, Judge.

Plaintiff initiated this action on 25 October 1991 by filing a complaint for equitable distribution pursuant to N.C. Gen. Stat. § 50-20. This case and a companion case were calendared for the week of 31 August 1992 for trial on the issues of equitable distribution and alimony. When the case was called for trial the parties were discussing a settlement of all issues, and on 2 September 1992, the parties read into the record the terms of their agreement and waived their rights to sign the written judgment.

The terms of the agreement provided for a 60/40 division of all assets of the marital estate valued as of the date of separation, with defendant receiving the larger share. Among the assets to be distributed was a fully vested defined benefit 401(k) retirement plan which plaintiff maintained through his employer. The agreement provided that the marital portion of the 401(k) plan would be distributed pursuant to a qualified domestic relations order (QDRO).

· During the process of drafting the equitable distribution order and judgment memorializing the parties' agreement, plaintiff objected to the inclusion of post-separation gains and losses in defendant's share of the 401(k) plan. On 12 April 1993 the trial judge ruled that "as a matter of law . . . the distribution of sixty percent (60%) of the retirement account to Defendant, as of date of separation, included an allocation of gains and losses from date of separation to date of entry of the [QDRO]."

Thereafter the court entered the equitable distribution judgment and order and the related QDRO. The equitable distribution order provided that "the value to be divided from the 401(k) is determined to be $206,535 as of the date of separation, December 21, 1990" and that "Wife shall receive a distributive award in the form of a [QDRO] distributing to her 60% of the account balance of $206,535 or $123,921 as of December 31, 1990." The order stated that

ALLEN v. ALLEN

[118 N.C. App. 455 (1995)]

[t]he $123,921 distributed to Wife shall thereafter include gains and losses on the portion of the plan divided to Wife from 12/31/90 but shall not include further contributions to the account from Husband or his employer. The portion of the gains or losses which shall be attributed to the account of Wife from December 31, 1990 shall be 52.85% of the total gains or losses. This figure is determined as the fractional share of the total account divided to Wife as follows: ($123,921 / $234,489 = 52.85%).

Plaintiff appeals only on the issue of the propriety of including post-separation gains and losses on the portion of the 401(k) plan allocated to defendant.

Plaintiff argues that the trial court erred by "impos[ing] additional terms in the entry of an order or judgment beyond those terms contained in the agreement read into the record by the parties." He claims that the parties' agreement read into the record "was virtually silent as to the 401(k) and the [QDRO] in general" and that "[t]he terms added by the court concerning the gains and losses on the Plaintiff's 401(k) had not been and have never been consented to by the Plaintiff." Plaintiff's position is that the trial court was "without jurisdiction to enter the order on that issue" and that the order "should be reversed and the award of gains and losses on the plaintiff's 401(k) account since the date of separation to the Defendant should be stricken from both the Equitable Distribution Judgment and the QDRO. . . ."

Defendant contends that distribution of defendant's 60% share of the 401(k) plan using the date of separation value necessarily resulted in allocation of any gains or losses since separation and that no additional terms were needed as a result of the actual physical division of the 401(k) plan between the parties. She argues that her earnings or losses would follow her portion of the 401(k) plan from date of separation until date of actual distribution. We agree.

At the outset, we note that the parties' agreement was not, as plaintiff claims, "virtually silent" as to the distribution of the 401(k) plan. The parties agreed that the marital estate, which included the marital portion of the 401(k) plan, was to be divided 60/40 in favor of defendant using date of separation values. Thus, their agreement contemplated that defendant would receive 60% of the marital portion of the 401(k) plan valued as of the date of separation.

Contrary to plaintiff's assertions, the trial court's judgment and orders as to the 401(k) plan did not modify or add to the parties' agreement. Rather, the court simply effectuated the agreement in accordance with N.C. Gen. Stat. § 50-20(b)(3), which provides that an award of a retirement account "shall be based on the vested accrued benefit, . . . calculated as of the date of separation" and "shall include gains and losses on the prorated portion of the benefit vested at the date of separation." *See also Bishop v. Bishop*, 113 N.C. App. 725, 731, 440 S.E.2d 591, 595 (1994) (in evaluating defined benefit plans, calculation will "include 'gains and losses on the prorated portion of the benefit vested at the date of separation' ") (*quoting* N.C. Gen. Stat. § 50-20(b)(3)).

We hold that the trial court's judgment and orders awarding defendant post-separation gains and losses on her portion of the 401(k) plan are consistent with both the parties' agreement and the law of this state.

Affirmed.

Judges EAGLES and McGEE concur.