JAMES A. HARRIS, PLAINTIFF-APPELLEE v. PATRICIA F. HARRIS, DEFENDANT-APPELLANT

No. COA02-1722

(Filed 3 February 2004)

**1. Divorce— equitable distribution—interest on distributive award—correction of award**

There was no abuse of discretion in modifying a qualified domestic relations order to reflect the intent of the parties by deleting language referring to interest from a distributive award from a retirement plan, or by ordering a refund of an amount paid by the plan under that language.

**2. Divorce— equitable distribution—distributive award from retirement plan—interest not included**

There was no error in not including interest on an amount paid from a retirement plan under a qualified domestic relations order. The court made clear that this was a distributive award (which is a sum certain and does not include gains and losses) to be paid from a retirement account, and not a distribution of the retirement account.

Appeal by defendant from order entered 4 June 2002 by Judge William B. Reingold and cross appeal by plaintiff from order dated 27 August 2002 by Judge Laurie L. Hutchins in District Court, Forsyth County. Heard in the Court of Appeals 9 October 2003.

*David B. Hough for plaintiff-appellee.*

*Lennard D. Tucker for defendant-appellant.*

HARRIS v. HARRIS

[162 N.C. App. 511 (2004)]

McGEE, Judge.

Plaintiff filed a complaint for absolute divorce on 12 January 2000. Defendant filed an answer and counterclaim on 16 March 2000, that included a claim for equitable distribution. In a reply to the counterclaim, plaintiff requested a hearing on equitable distribution. The case was heard at the 4 September 2001 session of District Court in Forsyth County. The parties advised the trial court that they had resolved by stipulation all of the issues in the case. The terms of their agreement and stipulations were read into the record by the attorneys representing the parties. The trial court signed an equitable distribution consent judgment dated 26 September 2001.

Paragraph fourteen of the equitable distribution consent judgment provided for a distributive award by plaintiff to defendant with the following language:

> In order to effectuate the equitable distribution of the marital property of the parties as set forth herein, the Plaintiff shall pay as a distributive award to the Defendant the sum of Eighty-one Thousand Dollars ($81,000.00) and shall be paid by way of a distribution to the Defendant from the Plaintiff's R.J. Reynolds Capital Investment Plan. This Court shall enter an appropriate Qualified Domestic Relations Order to effectuate this transfer of retirement funds from the Plaintiff to the Defendant.

The trial court signed a qualified domestic relations order (QDRO) dated 26 September 2001 to effectuate the distributive award from plaintiff's R.J. Reynolds Capital Investment Plan. The QDRO contained the following language in paragraph five regarding the distributive award:

> From the benefits which would otherwise be payable to the Participant under the Plan, the Participant assigns to the Alternate Payee, and the Alternate Payee shall receive from the Plan, a benefit equal to $81,000.00, plus gains and/or losses earned on that amount from January 9, 1999 up to and including the last day of the month preceding the date of distribution of the benefit payable hereunder.

Plaintiff provided the plan administrator with a copy of the order on 28 September 2001 and informed the plan administrator that the parties intended for the order to be a QDRO. The Benefits Administration Committee of the R.J. Reynolds Capital Investment Plan issued a check to defendant in the gross amount of $100,750.31

on 25 October 2001. Plaintiff filed a motion dated 17 December 2001 to modify the QDRO, pursuant to N.C. Gen. Stat. § 1A-1, Rule 60. Plaintiff alleged that the equitable distribution consent judgment only allowed defendant to receive $81,000.00. However, the resulting QDRO from plaintiff's Capital Investment Plan, which included the language "plus gains and/or losses," directed that defendant receive $100,750.31. Accordingly, plaintiff sought a refund from defendant of $19,750.31, plus interest. Defendant filed an objection to the motion to modify the QDRO on 4 February 2002.

The trial court entered an order on 4 June 2002 stating that plaintiff, pursuant to Rule 60(b), was entitled to a modification of the QDRO to eliminate the words "plus gains and/or losses earned on that amount from January 9, 1999 up to and including the last day of the month preceding the date of distribution of the benefit payable hereunder." Defendant was also ordered by the trial court to immediately refund to plaintiff, on or before 4 July 2002, the sum of $19,750.31, plus interest. Defendant appeals from this 4 June 2002 order.

Plaintiff filed a motion for show cause and contempt dated 24 July 2002, alleging that as of 15 July 2002, defendant had made no deposit to plaintiff's Capital Investment Plan. A hearing was held on 19 August 2002. The trial court entered an order dated 27 August 2002, denying plaintiff's motion since the trial court did not have jurisdiction in that defendant had already filed notice of appeal of the 4 June 2002 order. Plaintiff filed notice of appeal on 26 September 2002 from this denial.

"The purpose of Rule 60(b) is to strike a proper balance between the conflicting principles of finality and relief from unjust judgments. Generally, the rule is liberally construed." *Carter v. Clowers*, 102 N.C. App. 247, 254, 401 S.E.2d 662, 666 (1991) (citation omitted). "A trial court's ruling on a Rule 60(b) motion is reviewable only for an abuse of discretion. The trial court's findings of fact are conclusive on appeal, if supported by competent evidence. However, those conclusions of law made by the court are reviewable on appeal." *Coppley v. Coppley*, 128 N.C. App. 658, 663, 496 S.E.2d 611, 616, *disc. review denied*, 348 N.C. 281, 502 S.E.2d 846 (1998) (citations omitted). "Abuse of discretion is shown only when 'the challenged actions are manifestly unsupported by reason.'" *Blankenship v. Town & Country Ford, Inc.*, 155 N.C. App. 161, 165, 574 S.E.2d 132, 134 (2002), *disc. review denied*, 357 N.C. 61, 579 S.E.2d 384 (2003) (quoting *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980)).

**[1]** Defendant first argues the trial court erred when it modified the parties' QDRO on the basis of mutual mistake under Rule 60(b). At the outset, we note the trial court did not necessarily rely on mutual mistake in granting the relief. The order merely stated that "the Plaintiff, pursuant to Rule 60 (b) of the North Carolina Rules of Civil Procedure, remains entitled to a modification of the QDRO entered in this case." In addition to mistake, Rule 60(b) provides relief from judgment for a number of reasons, including the following:

    (1) Mistake, inadvertence, surprise, or excusable neglect;

    (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

    (4) The judgment is void;

    (5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

    (6) Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60 (2003).

The unique facts of the case before us fall within the confines of Rule 60(b)(6).

Rule 60(b)(6) is equitable in nature and authorizes the trial court to exercise its discretion in granting or denying the relief sought. The rule empowers the court to set aside or modify a final judgment, order or proceeding whenever such action is necessary to do justice under the circumstances. The test for whether a judgment, order or proceeding should be modified or set aside under Rule 60(b)(6) is two pronged: (1) extraordinary circumstances must exist, and (2) there must be a showing that justice demands that relief be granted.

*Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 587-88 (1987) (citations omitted).

In the case before us, the trial court noted the following in its findings of fact in the order to modify the QDRO:

5. In the resulting QDRO entered by this Court on September 27, 2001, *the Court inadvertently and mistakenly* ordered that the Defendant receive $81,000 from the Plaintiff's R.J. Reynolds Capital Investment Plan, plus "gains and/or losses earned on that amount from January 9, 1999 up to and including the last day of the month preceding the date of distribution of the benefit payable hereunder" (emphasis added).

Previously, in the equitable distribution consent judgment, the trial court had ordered that "[p]laintiff shall pay the sum of Eighty-one Thousand Dollars ($81,000.00) by way of a transfer from the Plaintiff's R.J. Capital Investment Plan pursuant to a Qualified Domestic [Relations] Order which shall be entered by this Court." The additional "gains and/or losses" language was mistakenly inserted into the resulting QDRO.

The facts of this case make relief under Rule 60(b)(6) appropriate. Defendant received an additional $19,750.31 to which she was not entitled simply due to the wording in the QDRO. The evidence supports the conclusion that both parties intended that plaintiff only receive a set amount of $81,000.00 through the distributive award. In fact, the equitable distribution consent judgment awarded the R.J. Reynolds Capital Investment Plan wholly to plaintiff. Similarly, the judgment awarded the Teachers' & State Employees' Retirement System Plan to defendant. Neither party was awarded any interest whatsoever in the other's retirement plan. Plaintiff was simply ordered to pay defendant $81,000.00 as a distributive award to make the division equitable. In this case, the money for the award was ordered to come from plaintiff's R.J. Reynolds Capital Investment Plan. The fact that the money for the award originated from a retirement plan is immaterial. The origin of the money does not transform an ordinary distributive award into a division of a retirement plan whereby the payee can reap the benefits of subsequent gains.

Furthermore, defendant's reliance on *Stevenson v. Stevenson*, 100 N.C. App. 750, 398 S.E.2d 334 (1990), is misplaced. *Stevenson* involved the modification of a consent judgment which resolved multiple issues between the parties who were divorcing. The plaintiff and the defendant had agreed that the plaintiff would have sole possession of the marital home and would receive an additional sum if the value of the house was less than the value of defendant's profit-

sharing plan. *Stevenson*, 100 N.C. App. at 751, 398 S.E.2d at 335. The formula for assessing the value of the home, which was read into the record, was to include a certain deduction based on a loan. However, after multiple revisions, the formula in the written consent judgment failed to include that particular deduction. *Id.* The trial court granted a Rule 60(b) motion to correct the consent judgment to reflect the agreement of the parties. *Stevenson*, 100 N.C. App. at 751, 398 S.E.2d at 336. However, this Court vacated the trial court's judgment because there was no showing of fraud, lack of consent, or mistake. *Stevenson*, 100 N.C. App. at 752, 398 S.E.2d at 336.

The case before us is distinguishable. In *Stevenson*, the parties initially read the agreement into the record on 31 May 1988. Thereafter, the agreement was "altered many times by both parties" before a final draft was submitted to the court and filed on 6 July 1988. *Stevenson*, 100 N.C. App. at 753, 398 S.E.2d at 337. In contrast, in the case before us, the equitable distribution consent judgment was dated 26 September 2001. Likewise, the QDRO was also dated 26 September 2001. Unlike *Stevenson*, there was only a single draft of the QDRO. The parties did not create multiple drafts with revisions. Rather, the two documents were dated the same day. The consent judgment directed simply that defendant receive a distributive award in the amount of $81,000.00. Due to inadvertence, the provision in the QDRO effectuating the award included the language concerning gains and losses. Such a result was not intended. Because the facts in *Stevenson* are distinguishable from those before this Court, *Stevenson* is not controlling. The trial court did not abuse its discretion in modifying the QDRO to reflect the true intent of the parties. Accordingly, we overrule this assignment of error.

Defendant next argues the trial court did not have authority to modify the QDRO pursuant to Rule 60(a). As already noted, the trial court based its order to modify the QDRO on Rule 60(b). Therefore, defendant improperly relies on Rule 60(a) to argue error by the trial court. Accordingly, this assignment of error is overruled.

[2] Defendant also argues that the method used in the QDRO, whereby gains and losses on the pension plan are considered, is proper under North Carolina law. Defendant cites *Allen v. Allen*, 118 N.C. App. 455, 455 S.E.2d 440 (1995) for the proposition that an award of a retirement account must include gains and losses on the prorated portion of the benefit vested at the date of separation. Under the version of N.C. Gen. Stat. § 50-20(b)(3) in effect in 1995, awards of

vested pension, retirement, and other deferred compensation benefits were required to "include gains and losses on the prorated portion of the benefit vested at the date of separation." The same requirement is mandated in the current equitable distribution statutes; however, the provision is now set forth in N.C. Gen. Stat. § 50-20.1(d) (2003).

Defendant's argument that this method is proper under North Carolina law is accurate if an actual retirement account is being divided. However, in the case before us, an entire account is not being divided. Rather, funds from plaintiff's R.J. Reynolds Capital Investment Plan are being used to effectuate an $81,000.00 distributive award from plaintiff to defendant. A distributive award is "payments that are payable either in a lump sum or over a period of time in fixed amounts. . . ." N.C. Gen. Stat. § 50-20(b)(3) (2003). A distributive award is a sum certain and does not include gains and/or losses. The trial court made it clear that a distributive award was involved in this case. In the order to modify the QDRO, the trial court noted that the provision pertaining to the distributive award in the equitable distribution judgment was a "directive" that "constituted a distributive award which was being paid out of a retirement fund. This said distributive award did *not* represent a division or a distribution of an existing retirement plan." Based on this finding of fact, this assignment of error is overruled.

Defendant's final argument addresses plaintiff's cross-assignment of error. However, plaintiff has failed to present an argument in support of this cross-assignment of error. Accordingly, pursuant to N.C.R. App. P. 28(b)(6), this cross-assignment is deemed abandoned.

Affirmed.

Judges HUNTER and CALABRIA concur.