DOROTHY LEWIS GRIFFITH, Plaintiff v. COLGATE McSHANE CURTIS, Defendant

No. COA09-942

(Filed 20 July 2010)

**1. Judgments— consent judgment—motion to set aside—
mistake**

The trial court did not abuse its discretion by denying plaintiff wife's N.C.G.S. § 1A-1, Rule 60 motion to set aside a consent judgment that ordered her to remove a lien from the pertinent real property. There was competent evidence that plaintiff signed the agreement as "fair and equitable" to both parties and that plaintiff specifically agreed to remove the lien from the property. Any mistake on the part of plaintiff was unilateral and not a mutual mistake.

**2. Judgments— consent judgment—unconscionability**

Although plaintiff contended that the trial court abused its discretion by adopting an unconscionable memorandum of judgment and failing to set it aside, this argument was dismissed. A consent judgment properly entered by the trial court may not be subsequently attacked on the grounds of unconscionability. Further, once a memorandum of judgment is incorporated into a consent judgment, the parties lose their contract defenses.

Appeal by plaintiff from order entered 13 March 2009 and the amended order entered 16 March 2009 by Judge Rebecca B. Knight in Buncombe County District Court. Heard in the Court of Appeals 27 January 2010.

*Respess & Jud, by W. Wallace Respess, Jr. and W. Russ Johnson, III, for plaintiff-appellant.*

*Leake, Scott & Stokes, by Ward D. Scott, for defendant-appellee.*

STEELMAN, Judge.

The Consent Judgment entered by the court distributed the marital debt owed upon the parties' Boone residence to plaintiff. A consent judgment properly entered by the court may not be subsequently attacked on the grounds of unconscionability.

## I. Factual and Procedural Background

On 26 June 1993, Dorothy Lewis Griffith (plaintiff) and Colgate McShane Curtis (defendant) were married. On 19 August 2006, plaintiff and defendant separated. On 6 December 2007, plaintiff filed a complaint seeking an absolute divorce, joint custody of the minor children, and an unequal distribution of marital property in favor of plaintiff. On 17 January 2008, defendant filed an answer and counterclaim seeking an absolute divorce, joint custody of the minor children, child support, post separation support, an unequal distribution of marital property in favor of defendant, and attorney's fees. On 11 February 2008, an order of absolute divorce was entered. The parties went to pre-trial mediation on the equitable distribution claims. On 30 May 2008, the parties entered into a Memorandum of Judgment that resolved the claims for post separation support, retroactive child support, and equitable distribution. This Memorandum was presented to Judge Knight as a consent judgment that was entered on 11 June 2008.

The Consent Judgment was signed by both parties and their respective attorneys. Paragraph five of the Consent Judgment states, "[t]he agreement is fair and equitable and the court should adopt the agreement as set forth herein." Paragraph ten states, "[t]he parties waive further findings of fact." Paragraphs 1(a) and 1(h) state,

Defendant shall have as his sole and separate property the following:

(a) The real property located at 783 Wilson Ridge Road, Boone, North Carolina. Plaintiff shall be responsible for removing the lien against the property within a reasonable time for the debt owed to David Griffith in the approximate amount of $160,000 plus interest. Defendant shall be solely responsible for all liabilities including taxes that may be due for the property;

. . . .

(h) All debts titled in his name.

On 8 December 2008, defendant filed a motion seeking to have plaintiff held in contempt of court for failure to remove the lien against the real property located in Boone. On 16 December 2008, plaintiff's counsel filed a motion to withdraw. This motion was granted on 5 January 2009. On 14 January 2009, plaintiff filed a motion for relief from judgment pursuant to Rule 60(b)(1), (4), and

(6). Plaintiff asserted that the 11 June 2008 Consent Judgment and Order failed to distribute significant marital debt and was "completely and utterly unfair."

On 20 February 2009, Judge Knight held plaintiff to be in willful contempt of court. Judge Knight concluded as a matter of law that the Consent Judgment distributed the Boone property to defendant free and clear of any lien, which would be accomplished if plaintiff removed the lien. Judge Knight found that plaintiff had reasonable time and means to remove the lien, but refused to do so without good cause. Judge Knight deferred entering an order setting a sanction for contempt until plaintiff's Rule 60 motion was heard and ruled upon.

On 13 March 2009, the trial court denied plaintiff's Rule 60 motion to set aside the Consent Judgment and ordered plaintiff to remove the lien from the real property at 783 Wilson Ridge Road.

Plaintiff appeals from the orders denying her Rule 60 motion.

## II. Standard of Review

Because "a motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court . . . appellate review is limited to determining whether the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975).

## III. Distribution of Marital Debt

[1] In her first argument, plaintiff contends that the trial court abused its discretion in denying plaintiff's Rule 60 Motion. We disagree.

Plaintiff contends that the phrase, "[p]laintiff shall be responsible for removing the lien," in paragraph 1(a) of the Consent Judgment is ambiguous and fails to distribute significant marital debt to either the plaintiff or defendant. Plaintiff argues that "removing the lien" could include merely transferring the lien to another property rather than actually distributing this marital debt to either spouse. Plaintiff contends that such a result would cause the Equitable Distribution Consent Judgment to fail for not distributing all marital property.

The parties' mediated settlement agreement, entitled Memorandum of Judgment, was executed 30 May 2008, and was wholly incorporated into Judge Knight's Consent Judgment and Order on 11 June 2008. The Consent Judgment orders that "[p]laintiff shall be responsible for removing the lien against the property within a reasonable time for the debt owed to David Griffith in the approximate amount

of $160,000 plus interest." Judge Knight, in her order on plaintiff's Rule 60 Motion, found that this paragraph unambiguously distributed that marital debt owed to plaintiff's father to plaintiff.

It must be presumed that the parties intended what the language in the Memorandum of Judgment clearly expresses, and the agreement must "be construed to mean what on its face it purports to mean." *Hartman v. Hartman*, 80 N.C. App. 452, 455, 343 S.E.2d 11, 13 (1986) (quoting *Hartford Accident & Indem. Co. v. Hood*, 226 N.C. 706, 710, 40 S.E.2d 198, 201 (1946)). The Memorandum of Judgment and the Consent Judgment were signed by both parties. The trial court properly found that "removing the lien" transferred this marital debt to plaintiff. *See Wiencek-Adams v. Adams*, 331 N.C. 688, 694, 417 S.E.2d 449, 452 (1992) (referring to paying down martial debt distributed to the husband as "payments to remove the debt"); *Glaspy v. Glaspy*, 143 N.C. App. 435, 441-42, 545 S.E.2d 782, 786 (2001) (holding that a federal tax lien was marital debt).

Because there is competent evidence that plaintiff signed the agreement as "fair and equitable" to both parties and that plaintiff specifically agreed to remove the lien from the real property at 783 Wilson Ridge Road, the Consent Judgment is not ambiguous. *Hartman*, 80 N.C. App. at 454, 343 S.E.2d at 12-13 (citations omitted).

Plaintiff further contends under Rule 60(b)(1) and (6), that the Consent Judgment should be set aside because she mistakenly signed the Memorandum of Judgment and the Consent Judgment.

To set aside a judgment based upon mistake, the moving party must prove mutual mistake or that a unilateral mistake was made because of some misconduct. *In re Baity*, 65 N.C. App. 364, 368, 309 S.E.2d 515, 518 (1983), *cert. denied*, 311 N.C. 401, 319 S.E.2d 266 (1984). Although Rule 60(b)(6) grants a "vast reservoir of equitable power," a consent judgment will stand absent extraordinary circumstances beyond lack of understanding. *See Anderson Trucking Serv., Inc. v. Key Way Transp., Inc.*, 94 N.C. App. 36, 40, 379 S.E.2d 665, 667-68 (1989) (citations omitted). Any mistake on the part of the plaintiff was a unilateral mistake and not a mutual mistake. *Id.* Further, even if plaintiff executed the Memorandum of Judgment at mediation by mistake, she "ratified her original consent agreement when she signed the Consent Judgment" eleven days later.

The trial court did not abuse its discretion in denying plaintiff's Rule 60 Motion.

This argument is without merit.

### IV. Unconscionability

**[2]** In her second argument, plaintiff contends that the trial court abused its discretion by first adopting an unconscionable memorandum of judgment and then failing to set aside an unconscionable consent judgment. We disagree.

### A. Memorandum of Judgment

Because the Memorandum was subsumed by the Consent Judgment, we do not address plaintiff's unconscionability argument as to the Memorandum of Judgment. *Mitchell v. Mitchell*, 270 N.C. 253, 256, 154 S.E.2d 71, 73 (1967).

This argument is dismissed.

### B. Consent Judgment

Once a memorandum of judgment is incorporated into a consent judgment, the parties lose their contract defenses. *Id.* (holding that when the parties' agreement is incorporated into a judgment, the agreement is superseded by the court's decree). The doctrine of *res judicata* bars those defenses that could have been addressed before the entry of judgment, including unconscionability. *See generally Wells v. Wells*, 132 N.C. App. 401, 415, 512 S.E.2d 468, 476-77, *disc. review denied*, 350 N.C. 599, 537 S.E.2d 495 (1999); *see also* N.C. Gen. Stat. § 52-10(c) (2009) (defense of public policy is not applicable to judgments of any state court construing contracts between husband and wife). Parties seeking to set aside a consent judgment are limited to proving lack of consent, fraud, mutual mistake, or unilateral mistake under some misconduct. *Yurek v. Shaffer*, 198 N.C. App. 67, 69, 678 S.E.2d 738, 746 (2009) (citations omitted); *Coppley v. Coppley*, 128 N.C. App. 658, 663-64, 496 S.E.2d 611, 616 (1998) (holding that a consent judgment may be attacked only on the limited grounds of fraud, mutual mistake, duress, or undue influence); *Stevenson v. Stevenson*, 100 N.C. App. 750, 752, 398 S.E.2d 334, 336 (1990). Unconscionability is not an available defense because the Memorandum of Judgment has been incorporated into the Consent Judgment. *Mitchell*, 270 N.C. at 256, 154 S.E.2d at 73.

This argument is dismissed.

AFFIRMED.

Judges McGEE and BEASLEY concur.