RICHARD CRAIG SCOTT v. CAROL PALMER SCOTT

No. 9110DC603

(Filed 2 June 1992)

1. **Rules of Civil Procedure § 12.1 (NCI3d) — motion for judgment on the pleadings — filed in response to post-trial motions — inappropriate**

   The trial court erred by granting relief on defendant's motion under N.C.G.S. § 1A-1, Rule 12(c) for judgment on the pleadings where the motion was made in response to defendant's post-trial motions. Motions under Rule 12(c) are pretrial motions requiring a review of the pleadings and cannot be employed to test the validity of post-trial motions.

   **Am Jur 2d, Summary Judgment § 13.**

2. **Rules of Civil Procedure § 60 (NCI3d) — motion to amend judgment — treated as Rule 59 motion — untimely filed**

   Although the trial court erred by granting defendant's motion for judgment on the pleadings as to a post-trial motion by plaintiff, plaintiff's motion should have been denied because, although it was labeled as a motion for relief under N.C.G.S. § 1A-1, Rule 60(b), it was in substance a motion to amend the judgment under N.C.G.S. § 1A-1, Rule 59 made well beyond the limit of ten days from entry of judgment.

   **Am Jur 2d, Appeal and Error § 308.**

SCOTT v. SCOTT

[106 N.C. App. 379 (1992)]

APPEAL by plaintiff from order entered 24 May 1991 in WAKE County District Court by *Judge Joyce A. Hamilton.* Heard in the Court of Appeals 14 April 1992.

*Ragsdale, Kirschbaum, Nanney, Sokol & Heidgerd, P.A., by William L. Ragsdale, C. D. Heidgerd, and Connie E. Carrigan, for plaintiff-appellant.*

*Howard, From, Stallings & Hutson, P.A., by Catherine C. McLamb, for defendant-appellee.*

GREENE, Judge.

The plaintiff appeals from an order entered 24 May 1991 granting the defendant's motion under N.C.G.S. § 1A-1, Rule 12(c) (1990) (Rule 12(c)) for judgment on the pleadings.

The facts pertinent to the resolution of this appeal are as follows: The plaintiff and defendant were married to each other on 18 March 1972 and were divorced in Georgia on 19 June 1979. The parties remarried on 3 December 1983. On 2 February 1990, the plaintiff filed a complaint for absolute divorce from the defendant. In his verified complaint, the plaintiff alleged that "[t]here have been two children born of the marriages of the parties, namely, Jennifer Renee [sic] Scott, born October 18, 1979 and Jonathan Edward Scott, born August 20, 1984." The defendant did not file an answer, and on 28 March 1990, the trial court granted the plaintiff an absolute divorce from the defendant. In the judgment, the trial court found as fact that Jennifer and Jonathan Scott had been born of the parties' marriages.

On 20 November 1990, the plaintiff made a motion under N.C.G.S. § 1A-1, Rule 60(b) (1990) (Rule 60(b)) for relief from the judgment of absolute divorce entered 28 March 1990 and made a motion under N.C.G.S. § 1A-1, Rule 15 (1990) to amend his complaint for absolute divorce filed 2 February 1990. The plaintiff contended that the above allegation in the complaint and the resulting finding of fact as they related to Jennifer Scott were based on mistake, inadvertence, and excusable neglect, and that therefore, the trial court should strike the allegation from his complaint and should strike the finding of fact from the resulting judgment. Specifically, the plaintiff contended that he was not the father of Jennifer Scott.

## SCOTT v. SCOTT

[106 N.C. App. 379 (1992)]

On 26 November 1990, the defendant responded to the plaintiff's motions with, among other things, a motion under Rule 12(c) for judgment on the pleadings, and on 6 December 1990, the defendant filed a motion in the cause requesting child support for Jennifer and Jonathan Scott. On 27 December 1990, the defendant made another Rule 12(c) motion which the defendant calendared for hearing. The plaintiff never calendared his motions for hearing. The trial court heard the defendant's Rule 12(c) motion on 8 May 1991, and on 24 May 1991, entered judgment on the pleadings for the defendant. The trial court has not heard nor ruled upon the plaintiff's motion to amend his complaint or his motion for relief from judgment.

---

The issues are whether (I) the trial court may grant a Rule 12(c) motion made in response to a post-trial motion; and (II) a motion requesting that a paragraph of a judgment of absolute divorce be stricken is properly classified as a Rule 60(b) motion.

I

[1]    A motion for judgment on the pleadings under Rule 12(c) "shall be heard and determined *before* trial on application of any party, unless the judge orders that the hearing and determination thereof be deferred *until the trial*." N.C.G.S. § 1A-1, Rule 12(d) (1990) (emphases added). As this rule of civil procedure makes clear, Rule 12(c) motions are pretrial motions requiring a review of the *pleadings*. They cannot be employed to test the validity of post-trial motions. *See Vermont Inv. Capital, Inc. v. Kramer*, 533 A.2d 1193, 1194 (Vt. 1987) (trial court properly denied Rule 12(c) motion made after entry of judgment). Accordingly, the trial court erred in granting relief on the defendant's Rule 12(c) motion which was made in response to the plaintiff's post-trial motions.

II

[2]    Despite the trial court's error in entering judgment for the defendant on her Rule 12(c) motion, the plaintiff's motions, nonetheless, should have been denied. North Carolina Gen. Stat. § 1A-1, Rule 59 (1990) (Rule 59) governs amendments to judgments while Rule 60(b) governs relief from the legal effects of judgments. In the plaintiff's motion which was labelled as a Rule 60(b) motion, the plaintiff did *not* request an order relieving himself of the divorce judgment. *See Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585,

588 (1987) (party cannot seek to nullify or avoid one or more legal effects of judgment while leaving judgment itself intact); *see also Wood v. Wood*, 297 N.C. 1, 3, 252 S.E.2d 799, 800 (1979) (plaintiff sought to have divorce judgment vacated). On the contrary, the plaintiff only sought to *amend* the judgment. Specifically, the plaintiff requested an order "striking paragraph 5 of the Findings of Fact of the Divorce Judgment as it relates to Jennifer Rene Scott." Because motions are properly treated according to their substance rather than their labels, *Harrell v. Whisenant*, 53 N.C. App. 615, 617, 281 S.E.2d 453, 454 (1981), *disc. rev. denied*, 304 N.C. 726, 288 S.E.2d 380 (1982), we treat the plaintiff's motion for what it was, namely, a Rule 59 motion. Because a Rule 59 motion to amend a judgment must "be served not later than 10 days after entry of the judgment," N.C.G.S. § 1A-1, Rule 59(e) (1990), and because the plaintiff's motion was made well beyond the 10-day limit, the plaintiff's motion to amend was not timely and should have been denied. *See Coleman v. Arnette*, 48 N.C. App. 733, 735, 269 S.E.2d 755, 756 (1980); *see also State ex rel. Envtl. Mgmt. Comm'n v. House of Raeford Farms*, 101 N.C. App. 433, 447, 400 S.E.2d 107, 116, *disc. rev. denied*, 328 N.C. 576, 403 S.E.2d 521 (1991).

Accordingly, because the trial court erred in granting the defendant's Rule 12(c) motion, the trial court's order is vacated. Nonetheless, because the plaintiff's motion to amend the judgment was untimely, we remand this case to the trial court for an order denying the plaintiff's motions to amend his complaint and the judgment. *See Gallbronner v. Mason*, 101 N.C. App. 362, 366, 399 S.E.2d 139, 141, *disc. rev. denied*, 329 N.C. 268, 407 S.E.2d 835 (1991) (trial court without authority to allow amendment of complaint after entry of judgment).

Vacated and remanded.

Judges PARKER and COZORT concur.