IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-705

No. COA22-198

Filed 1 November 2022

Wake County, No. 03 CVD 11249

ALICE BRACEY (formerly Murdock), Plaintiff,

v.

MICHAEL WELBORN MURDOCK, Defendant.

Appeal by defendant from order entered 29 September 2021 by Judge J. Brian Ratledge in Wake County District Court. Heard in the Court of Appeals 6 September 2022.

*Wake Family Law Group, by Nancy Grace, Kelley Cash, and Zach Underwood, for plaintiff-appellee.*

*Rik Lovett & Associates, by S. Thomas Currin II, for defendant-appellant.*

ZACHARY, Judge.

¶ 1 Defendant Michael Welborn Murdock appeals from the trial court's order granting Plaintiff Alice Bracey's motion to dismiss, dismissing Defendant's motion for entry of qualified domestic relations orders ("QDROs"), and dismissing as moot his other pending motions. After careful review, we affirm.

## I. Background

¶ 2 The trial court granted Plaintiff an absolute divorce from Defendant on 31

October 2003, while retaining jurisdiction over, *inter alia*, both parties' claims for equitable distribution. On 28 February 2005, the trial court entered the parties' consent order and judgment for equitable distribution (the "2005 Consent Order"). The 2005 Consent Order provides, in pertinent part:

> Plaintiff shall retain her 401(k) account and IRA account as her separate property. Plaintiff shall transfer to Defendant $31,618.00, equal to one-half of the date of separation balance in her IRA and $75,203.74, equal to one-half of the date of separation balance of her 401(k) account. The judgment of divorce in the above-entitled action shall be amended to create the tax free transfer of funds from Plaintiff's IRA account. . . . Defendant's attorney shall prepare a [QDRO] to create the tax free transfer of funds from Plaintiff's 401(k) account. Plaintiff shall cooperate in obtaining all information necessary for the preparation of the [QDRO].

The requisite documents were not submitted to the trial court, and the ordered amounts were not transferred from Plaintiff's IRA and 401(k) accounts to Defendant.

¶ 3        On 25 February 2021, nearly 16 years after the entry of the 2005 Consent Order, Defendant filed a motion for (1) a temporary restraining order, (2) a preliminary injunction, and (3) "the entry of [QDROs] (or other appropriate orders) to effectuate the provisions of" the 2005 Consent Order. That same day, the trial court entered an *ex parte* order denying Defendant's motions for a temporary restraining order and a preliminary injunction.

¶ 4        On 22 March 2021, Plaintiff moved to dismiss Defendant's remaining motion

for the entry of QDROs. On 3 June 2021, Defendant filed a motion to strike, correct, and/or revise the trial court's *ex parte* order. After serving discovery requests upon Plaintiff, to which Plaintiff obtained extensions of time to respond, on 17 August 2021, Defendant filed a motion to compel discovery from Plaintiff and a motion to strike Plaintiff's motions for extensions of time.

The parties' several motions came on for hearing on 17 September 2021 in Wake County District Court. By order entered 29 September 2021, the trial court granted Plaintiff's motion to dismiss, dismissed Defendant's motion for entry of QDROs, and dismissed as moot Defendant's motion to strike, correct, and/or revise the court's order, motion to strike Plaintiff's extension motions, and motion to compel discovery. Specifically, the trial court concluded that "Defendant's motion for entry of a [QDRO] does not state a claim upon which relief can be granted because Defendant's claim is barred by the statute of limitation[s] pursuant to N.C. Gen. Stat. § 1-47. In the alternative, the equitable doctrine of laches bars Defendant from obtaining relief."

Defendant timely filed notice of appeal.

## II.    Discussion

Defendant argues that the trial court erred by concluding that his motion for entry of QDROs is time-barred by N.C. Gen. Stat. § 1-47 (2021), and that, in the alternative, his motion is barred by the equitable doctrine of laches. For the reasons below, we affirm the trial court's order.

## A. Standard of Review

Our appellate courts "review a dismissal under Rule 12(b)(6) de novo, viewing the allegations as true and in the light most favorable to the non-moving party. Dismissal is proper when the complaint fails to state a claim upon which relief can be granted." *Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 370 N.C. 1, 5, 802 S.E.2d 888, 891 (2017) (citations and internal quotation marks omitted). When conducting de novo review, this Court "considers the matter anew and freely substitutes its own judgment for that of the trial court." *Jackson v. Charlotte Mecklenburg Hosp. Auth.*, 238 N.C. App. 351, 353, 768 S.E.2d 23, 25 (2014) (citation omitted).

## B. Analysis

This case requires that we determine the nature of Defendant's motion for entry of QDROs. Defendant argues that the trial court erred by granting Plaintiff's motion to dismiss pursuant to N.C. Gen. Stat. § 1-47, which provides a ten-year statute of limitations for an action "[u]pon a judgment or decree of any court of the United States, or of any state or territory thereof, from the date of its entry." N.C. Gen. Stat. § 1-47(1). Defendant contends that his motion for the entry of QDROs is neither an "action" generally nor an "action upon a judgment" as specifically contemplated by § 1-47. Defendant further asserts that his motion "is also NOT a 'Claim' or 'Action' governed by the Statute of Limitations at all." "Rather than commencing a new action," Defendant alleges that his motion for the entry of QDROs

"seeks to finalize the current action." We disagree.

Upon careful review of Defendant's motion, it is plain that he does not simply "seek[ ] to finalize" the 2005 Consent Order or to effectuate its equitable distribution provisions. The 2005 Consent Order provides that Plaintiff shall make two transfers to Defendant: one from her 401(k) and one from her IRA, each for a sum certain "equal to one-half of the date of separation balance" of each account. Yet Defendant's motion, although titled "Motion For Entry of [QDROs]," in fact seeks relief beyond the entry of QDROs to effectuate the 2005 Consent Order's retirement account provisions. In this motion, Defendant asserts that he "is entitled to, not only the amounts listed in the [2005 Consent] Order, but also all passive gains and losses on his portion of the retirement accounts through the entry of the QDROs[,]" and that he "is in need of, and entitled to, discovery" to enable him to determine the amounts of the passive gains and losses on each account. Indeed, he also moves to compel discovery with regard to the passive gains and losses on the retirement accounts.

As Plaintiff correctly noted in her motion to dismiss, "[t]he 2005 [Consent] Order does not award Defendant passive gains and losses on the funds[.]" The 2005 Consent Order does not divide the retirement accounts between the parties; it provides that "Plaintiff shall retain her 401(k) account and IRA account as her separate property." Instead, the trial court's awards of $31,618.00 and $75,203.74 to Defendant were distributive awards. "A distributive award is a sum certain and does

not include gains and/or losses." *Harris v. Harris*, 162 N.C. App. 511, 517, 591 S.E.2d 560, 563 (2004). Accordingly, Defendant actually seeks to amend or modify the 2005 Consent Order to include passive gains and losses, rather than to finalize or effectuate its provisions.

¶ 12        "Because motions are properly treated according to their substance rather than their labels, we treat [Defendant]'s motion for what it really was, namely, a Rule 59 motion" to amend the 2005 Consent Order. *Scott v. Scott*, 106 N.C. App. 379, 382, 416 S.E.2d 583, 585 (1992) (citation omitted). A Rule 59 motion to amend a judgment must "be served not later than 10 days after entry of the judgment." N.C. Gen. Stat. § 1A-1, Rule 59(e). Therefore, "because [Defendant]'s motion was made well beyond the 10-day limit, [his] motion to amend was not timely" and was properly dismissed. *Scott*, 106 N.C. App. at 382, 416 S.E.2d at 585.

¶ 13        Moreover, Defendant's attempt to modify the 2005 Consent Order is hindered by its status as a consent judgment. "A consent judgment incorporates the bargained agreement of the parties. Such a judgment can only be attacked on limited grounds. The party attacking the judgment must properly allege and prove that consent was not in fact given, or that it was obtained by mutual mistake or fraud." *Stevenson v. Stevenson*, 100 N.C. App. 750, 752, 398 S.E.2d 334, 336 (1990) (citation omitted). The trial court entered the 2005 Consent Order "with the consent of the parties," and Defendant does not allege either that "consent was not in fact given," or that the 2005

Consent Order "was obtained by mutual mistake or fraud." *Id.* Therefore, the trial court did not err by granting Plaintiff's motion to dismiss and dismissing Defendant's motion.

"Where a trial court has reached the correct result, the judgment will not be disturbed on appeal even where a different reason is assigned to the decision." *Eways v. Governor's Island*, 326 N.C. 552, 554, 391 S.E.2d 182, 183 (1990). As a result, "a trial court's ruling must be upheld if it is correct upon any theory of law, and thus it should not be set aside merely because the court gives a wrong or insufficient reason for it." *Templeton v. Town of Boone*, 208 N.C. App. 50, 54, 701 S.E.2d 709, 712 (2010) (citations and internal quotation marks omitted). Although our analysis relies on neither a statute of limitations nor the equitable doctrine of laches, after conducting de novo review and "consider[ing] the matter anew and freely substitut[ing our] own judgment for that of the trial court[,]" *Jackson*, 238 N.C. App. at 353, 768 S.E.2d at 25 (citation omitted), we nevertheless uphold the trial court's ruling.

### III.   Conclusion

For the foregoing reasons, the trial court's order is affirmed.

AFFIRMED.

Judge GORE concurs.

Judge JACKSON concurs in the result only.